STATE *versus* AUGUSTUS P. STEVENS.

Under statute of 1858, c. 33, § 14, on a warrant authorizing a search for intoxicating liquors, kept for illegal sale, and the arrest of the keeper, when such liquors are found, the fact that such liquors having been found is to be proved before the magistrate by competent evidence under oath, and not by the return of the officer.

Under § 20 of the same statute, if the officer is prevented from seizing the liquors by their being destroyed, he may arrest the keeper, in which case he must make return on the warrant of his being so prevented, and how, and, as near as may be, the quantity destroyed; but, before the magistrate, these facts are to be proved by evidence under oath, and not by the return.

It is not necessary that the officer should make return of the fact and manner of the destruction of the liquors, before arresting the keeper.

Where an officer returned, on his warrant, that he found "a demijohn containing one gallon, more or less, of what I called St. Croix Rum," which the keeper destroyed before he could seize it, whereupon he arrested the keeper and took him before a magistrate for trial; the person who, by violence, prevented the officer from seizing the liquor, and ascertaining its quality with certainty, cannot object that his return is not sufficiently certain.

THIS was a complaint made before a justice of the peace, on which a warrant was issued in due form, directing the sheriff or other officer to search the premises of the defendant in Waterville, for intoxicating liquors, intended for sale in this State, in violation of law, "and, if there found, to seize and safely keep the same, and to apprehend the said Augustus P. Stevens forthwith," and bring him before a proper magistrate, "to answer to said complaint, and to do and receive such sentence as may be awarded against him." The officer executed the warrant, and made the following return : —

"Kennebec, ss. — June 14, 1859. By virtue of this precept, I have entered the within named premises, and therein searched for intoxicating liquors, and found one demijohn, containing one gallon, more or less, of what I called St. Croix rum ; also sundry bottles, jugs, tumblers, decanters and barrels ; but, in attempting to remove said demijohn, the within named Stevens attempted to prevent me from so doing, and the same was broken in the scuffle, consequently I am unable

to return said demijohn and liquor before the justice. I have also arrested the within named Stevens, and, on this fifteenth day of June, have him before J. H. Drummond, Esq., one of the justices in and for the county of Kennebec.

"C. R. McFadden, *Deputy Sheriff.*"

On the trial before the magistrate, Stevens was convicted, and appealed. The appeal was entered and tried, and a verdict was rendered affirming the decision of the magistrate.

The counsel for the defendant submitted a motion in arrest of judgment, for the following reasons:—

1. Because, as appears from the complaint, warrant, and officer's return thereon, the magistrate had no jurisdiction of the case, so far as the defendant was concerned.

2. Because the officer had no authority, by law or by the warrant, to arrest the defendant or hold him for trial, unless he should first find, in the premises searched, intoxicating liquors; and his return does not show that he found any such liquors there, nor any facts authorizing the arrest.

3. Because the defendant was by force illegally dragged before the magistrate, and put upon trial, in violation of his just rights, as appears by the papers in the case.

The motion was overruled by the presiding Judge, RICE, J., and the defendant excepted.

*J. M. Meserve,* in support of the exceptions.

The offence of keeping intoxicating liquors, with intent to sell them contrary to law, is within the jurisdiction of a justice of the peace; but the jurisdiction does not attach unless such liquors are found in the place searched. No liquors being found, the justice has no power over any person charged with keeping them. Stat. 1858, c. 33, § 14, clauses 1 and 2. Nothing is to be presumed in favor of his jurisdiction.

Neither had the officer authority to arrest Stevens, no liquors having been found. The warrant does not direct him to make any arrest unless liquors are "there found." He searched the place designated, and found no liquors. His return is the only evidence of what he found. In that, he

no where says he found any, though he found "a demijohn, containing one gallon, more or less, of what he called St. Croix rum." There is no evidence that it was rum, although he called it so. If he chose to "call" water or vinegar St. Croix rum, that does not make it so. Such a return would not render him liable for a false return, although the liquor found was proved to be water.

It must appear, affirmatively and clearly, by the officer's return, that the intoxicating liquors were found, before the defendant could be arrested or tried. Section 20 does not authorize the defendant's arrest, unless the liquors described in the complaint and warrant are found and destroyed. Here no liquors are shown to have been found.

*C. Danforth, County Attorney, contra.*

Although the officer could not arrest the defendant, until he had found intoxicating liquors on the described premises kept for illegal sale, his return is not the proper evidence of the fact. It is one of the ingredients of the crime, and to be proved by testimony before the magistrate. The officer is to act upon the facts as he finds them; the magistrate as they are proved. The officer returns that he has found liquors he supposes to be intoxicating. If they are proved before the magistrate to be so, he acts accordingly. The whole question turns on the proof before the magistrate; and with that we have nothing to do here, as the verdict is conclusive. *State v. Robinson*, 33 Maine, 564.

Section 14 of the statute confirms this view, by requiring that the Court, before conviction, shall be of opinion, from the evidence adduced, that the liquors were kept for illegal sale. The officer's return would be no evidence before the magistrate of such a fact.

The officer did not seize any liquors. He was prevented by the defendant's destroying such as he found. Section 20 provides for such cases. If this section requires the officer to make return of the facts, he has done so. The liquors being destroyed, the officer could not return them, but did return

the facts. It was then for the magistrate to ascertain from competent testimony, whether the liquors were intoxicating, as well as other facts.

The warrant directed the officer, after finding the liquors, to do two things, to seize the liquors, and to arrest the keeper. The liquors having been destroyed, he could do but one, and this he did. This course was authorized by the statute, § 20. The law puts the destruction in place of the seizure.

But, in this stage of the case, the Court has nothing to do with the officer's return. The judgment is not in any degree founded upon it. Here is a legal warrant, with all the necessary allegations to constitute a crime; a conviction has been had before a magistrate, an appeal taken, and a verdict rendered on trial of the appeal, showing that the allegations in the warrant were proved. The appeal waives all informalities before the justice. *Commonwealth* v. *O'Neil,* 6 Gray, 345; *State* v. *Gurney,* 37 Maine, 156. It is now too late to go behind the verdict. *State* v. *Hobbs,* 39 Maine, 212.

The opinion of the Court was drawn up by

RICE, J. — The complaint and warrant are based upon § 14, of c. 33, of the laws of 1858, "for the suppression of drinking houses and tippling shops," and are drawn with technical accuracy. Under the provisions of this section, the officer holding such warrant was authorized to enter and search the premises described, and, in case liquors were found therein, to arrest the owner or keeper, and have him forthwith before the magistrate for trial.

The right of the officer to arrest the owner or keeper depends upon the fact, that the liquors described in the complaint are found in his possession in the place to be searched; but that fact is to be proved before the magistrate by competent evidence, under oath, and not by the return of the officer.

Section 20 of the same chapter also authorizes the officer, to arrest the alleged owner or keeper of liquors, if he is prevented from seizing them by their being poured out or

otherwise destroyed, and he is also to make return upon the warrant that he was prevented from seizing said liquors by their being poured out or otherwise destroyed, and to state in his return, as near as may be, the quantity that was poured out or destroyed. This return, however, is not the evidence on which the owner is to be tried. The fact, that the liquors were poured out or destroyed, furnishes a basis which authorizes the arrest, which fact must be proved, as other facts, by competent testimony on oath.

But it is contended that the return must first be made preliminary to and as authority for the arrest. Such is not the requirement of the law, nor would it be a reasonable provision. The officer, with a legal warrant in his hands, is making search for liquors described in his precept. His object is to seize such liquors, if found, but he is prevented by their destruction before his face by their owner or keeper. His duty then is, at once, to arrest the keeper and have him before the magistrate, and his return will give the reason why he does not also have the liquors in custody, to wit: because they have been destroyed.

It is further objected that the officer does not return that he found any intoxicating liquors on the premises of the defendant, but that he found a " demijohn containing one gallon more or less, of what I called St. Croix rum;" whereas he should have stated in affirmative language, if such were the fact, that he found intoxicating liquors.

Perhaps the return is not in the most approved language. But, as we have already seen, the rights of the defendant do not depend upon the return, but upon other evidence; and, besides, it is not for the defendant, who, by violence, prevented the officer from seizing the liquors found on his premises by their destruction, and thereby rendered it impossible for him to determine with certainty their quality, to object that his return is not sufficiently certain. He cannot be permitted thus to set the officers of the law at defiance, and then come coolly into a court of justice, and cavil at, and take advantage of his own wrongful acts. If he will volun-

tarily, and by violence, obstruct and resist the ministers of the law, in the legal discharge of their duties, he must not complain if he is dragged before the constituted tribunals to answer for his unlawful conduct.

*Exceptions overruled, and Judgment on the verdict.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.