## Hugo E. Nelson v. State of Nebraska.

### Filed February 17, 1898.   No. 9663.

Intoxicating Liquors: Evidence of Unlawful Possession. In a prosecution for having in his possession certain intoxicating liquors, among which it was charged that there was beer, the defendant introduced evidence tending to show that there was no beer and that the liquid described in the information as beer was a tonic, not intoxicating in its nature. The state offered in evidence a search-warrant issued in an independent proceeding in which it was recited that an information under oath had been filed by a credible resident freeholder, whose name was given, that such freeholder had reason to believe and did believe that the accused had in his possession beer among other intoxicating liquors, kept for the purpose of sale and which were being sold in violation of chapter 50, Compiled Statutes of Nebraska. On this warrant there was a statement in the return that the officer executing the same had, upon search, found on the premises of the accused sixty-seven bottles of beer. This warrant and return the court admitted in evidence. *Held*, That, as the recitations of the warrant and return were with reference to the essence of the crime for the commission of which the accused was being tried, the admission of the warrant and return as independent evidence was prejudicially erroneous.

Error to the district court for Burt county. Tried below before Powell, J. *Reversed.*

*H. H. Bowes* and *Ira Thomas,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

Ryan, C.

In the district court of Burt county Hugo E. Nelson was convicted of having in his possession on May 27, 1896, intoxicating liquors, to-wit, whiskey, beer, wine, ale, alcohol, and brandy, kept and intended for sale, and which were being sold without the license which is required in chapter 50 of the Compiled Statutes.

We shall consider but one assignment of error, which is that the court erred in receiving in evidence Exhibit

1. This was identified by the officer by whom the return thereon was signed, as the warrant under which he had acted before the preliminary. information was filed in this case. It was therefore executed in an independent proceeding, of the nature of which we are not advised, except that, as we gather from the oral testimony adduced in this case and the warrant and return hereinafter described, the proceeding was one under section 20, chapter 50, Compiled Statutes. The contents of the exhibit are as follows:

"In the County Court of Burt County, Nebraska.

"THE STATE OF NEBRASKA, )
      COUNTY OF BURT.   ·   )

"To the sheriff or any constable of said county:

"Whereas, Chas. A. Patterson, a credible resident freeholder of said Burt county, has made complaint in writing and upon oath before me, Frank E. Ward, county judge in and for Burt county, Nebraska, that he has reason to believe, and does believe, that Hugo E. Nelson, of the county of Burt, state of Nebraska, on the 27th day of May, 1896, in the county aforesaid, then and there being, did then and there have, and now has, in his possession intoxicating liquors known as whiskey, beer, wine, ale, alcohol, in the cellar and building situated on lot thirteen (13), in block six (6), of the village of Oakland, Burt county, Nebraska, said place being kept by him, and that such intoxicating liquors were then and there, and are, intended for sale by said Hugo E. Nelson without a license as provided in chapter 50 of the Compiled Statutes of Nebraska for the year 1895: You are therefore commanded, with necessary and proper assistance, to enter in the daytime the said cellar and building kept by the said Hugo E. Nelson, situated on lot 13, in block 6, of the village of Oakland, in Burt county, Nebraska, and diligently search for said intoxicating liquors known as whiskey, beer, wine, ale, alcohol, and, if found, you shall seize said liquors with the vessels containing the same and keep the same securely until

final action be had thereon, and immediately arrest the said Hugo E. Nelson, or the person in charge of said liquors, and bring him before me for examination, to be disposed of or dealt with according to law.

"Given under my hand and official seal, the 27th day of May, A. D. 1896.

"[Seal county court, Burt county.]

"FRANK E. WARD,

"*County Judge.*

"STATE OF NEBRASKA, ⎱
  BURT COUNTY.   ⎰

"May 28th, 1896, I made diligent search for the goods described in the within warrant and at the place mentioned therein, and have found the following: One six gallon tin can containing about three gallons of alcohol, one (1) gallon bottle full of whiskey, one and one-half gallon bottles full of port wine, and one gallon bottle full of blackberry wine, one gallon bottle two-thirds full of brandy, and on the 28th day of May I researched the premises and found sixty-seven bottles of beer. I now have said goods and chattels and the body of said Hugo E. Nelson present in court.

"J. A. CLARK, *Sheriff.*

"By W. R. LANGFORD, *Deputy.*"

By the accused it was sought to be shown on the trial of this case that the alcohol, wine, brandy, and whiskey were necessarily used in his business as a druggist in the preparation of tinctures, etc. As to the nature of the contents of the sixty-seven bottles taken on May 28, there was direct conflict in the evidence—that for the accused being to the effect that it was not beer, but was what was called "Hospital Tonic," a preparation of the nature indicated by its name and in its nature, as one witness at least testified, not intoxicating. With this condition of evidence existing, the introduction of the warrant and the return thereon disclosed that a person not examined as a witness in this case, who, in the warrant, was described as a credible resident freeholder, had

made an affidavit to the effect that the accused in th's case was keeping certain intoxicating liquors, among which was beer, for the purpose of selling it in violation of law, and the return of the officer upon this warrant was that he had found sixty-seven bottles of beer upon the premises of the defendant.   These facts, which the warrant and return tended to establish, were facts very material as against the accused, for by section 20, chapter 50, Compiled Statutes, the possession of intoxicating liquors by one not licensed to sell the same is presumptive evidence of the commission of the offense with which Nelson was charged.   The officer by whom the above quoted return was made was examined and cross-examined as a witness in this case, and his testimony had much less of the positiveness than did his return wherein the contents of the sixty-seven bottles, unequivocally, were described as beer.   Mr. Patterson, who filed the information upon which the search warrant issued, was not examined at all in this case; hence there was no opportunity to cross-examine him with reference to the sworn charges which by him had been made against Nelson.   Independently of all the papers filed, the warrant recited what Mr. Patterson had alleged under oath, and these allegations were with reference to matters very important in determining this case.   We conclude, therefore, that in admitting in evidence Exhibit 1 the district court erred, and accordingly its judgment is reversed and this cause is remanded for further proceedings.

REVERSED AND REMANDED.