## JOHN WEINANDT V. STATE OF NEBRASKA.

FILED NOVEMBER 21, 1907.    No. 15,260.

1. **Intoxicating Liquors:** TRIAL: EVIDENCE. In a prosecution under section 20, ch. 50, Comp. St. 1905, for unlawfully keeping intoxicating liquors with the intent to sell the same without a license, it is prejudicial error to permit the introduction in evidence, over objection, of the search warrant under which the premises of the defendant were searched and the liquors seized. *Nelson v. State*, 53 Neb. 790, followed and approved.

2. ———: ———: ———. In a prosecution under said section, it is not error to admit evidence showing the keeping of other liquors in addition to those charged; nor is it error for the jury to taste of the liquors taken from the defendant's premises under the search warrant.

3. **Instructions** numbered 6, 7 and 8, examined, and disapproved.

ERROR to the district court for Cedar county: ANSON A. WELCH, JUDGE. *Reversed.*

*C. B. Willey* and *Millard & Sidner*, for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

GOOD, C.

Plaintiff in error was prosecuted and convicted for the unlawful keeping of intoxicating liquors with intent to sell the same without license, in violation of section 20,

14

ch. 50, Comp. St. 1905, and brings the case to this court on error.

Plaintiff in error had formerly been a licensed saloon-keeper in the village of Randolph, in Cedar county, Nebraska. After the expiration of his license he continued in his place of business, selling certain liquors under the names of "Cream of Malt" and "Malt Extract." The information charged that "certain intoxicating liquors, to wit, Malt Extract, Cream of Malt, and Hop Soda, were unlawfully owned and kept * * * with the intention of selling and disposing of the same without license or permit, that said intoxicating liquors above described were intended to be and were then and there being by and under the direction of the said John Weinandt unlawfully kept and sold without any license or permit so to do.". The evidence disclosed that the plaintiff in error was in the possession of a considerable quantity of bottled liquors that were labeled "Cream of Malt," "Extract of Malt," and "Western Brew Beer." The uncontradicted testimony discloses that the plaintiff in error was keeping for sale and was selling the liquors known as "Cream of Malt" and "Malt Extract." There was no evidence that he had sold any of the liquor denominated "Western Brew Beer." Plaintiff in error sought to justify his possession of this liquor by showing that he had not ordered it, but had ordered Cream of Malt, and by mistake two barrels of Western Brew Beer had been sent to him in place of Cream of Malt, and that, when he opened the barrels and ascertained that they did not contain Cream of Malt, he did not sell any, and closed up the barrels with the intention of returning the same, and that the barrels had been in his possession only a few days when his premises were searched by the officers and the liquors seized. Upon the trial, the evidence as to the intoxicating character of the Cream of Malt and Malt Extract was conflicting. The evidence of the state tended to show that all of the liquors were, in fact, beers of the lighter sort, and that they contained between 2 and 3 per cent. of alcohol. The evidence

on the part of the defendant tended to show that they were nonintoxicating malt liquors. The trial court received in evidence, over the objections of the defendant, the search warrant under which the liquors were seized, and the officer's return thereon. The following is a copy of the warrant and the return:

"State of Nebraska, Cedar County; To the Sheriff or any Constable of said County, Greeting: Whereas, before me, C. H. Whitney, county judge within and for said county of Cedar, complaint has been made in writing, signed and sworn to by Benjamin F. Smith, Jr., and filed according to law, that John Weinandt of said county within thirty days last past on lot twelve in block ten in the city of Randolph, in the county of Cedar, in said state of Nebraska, then and there unlawfully sold intoxicating liquors without license or druggists' permit, and that the said John Weinandt is keeping intoxicating liquors in said premises with intent to unlawfully sell the same, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the people of the state of Nebraska; these are therefore to command you to seize the intoxicating liquors found upon the premises above described and bring the same into court, and forthwith to take the said John Weinandt, if he be found in your county; or, if he shall have fled, that you pursue after the said John Weinandt into any other county within the state, and take and safely keep the said John Weinandt so that you bring his body forthwith before me, or some other magistrate having cognizance of the case of said offense so committed, to answer said complaint and be further dealt with according to law. Given under my hand and official seal, this 10th day of November, A. D. 1906. (Seal.) C. H. Whitney, County Judge."

"State of Nebraska, County of Cedar; ss. November 12, 1906, I made diligent search for the goods and chattels described in the within warrant, at the place mentioned therein, and have found the following: Four barrels of Cream of Malt, Malt Extract, and a few bottles labeled

'Beer.' At the same time I arrested the said John Weinandt, and now have said goods and chattels and also the body of the said John Weinandt before the court within named. J. F. Rosenberger, Sheriff."

The admission of this evidence is assigned as error. The state contends that the admission of this evidence was not prejudicially erroneous, and that a jury of intelligent men would not be misled by the reading to them of the charge set forth in the warrant, and would distinguish between the charge and the proof of the commission of the acts charged. Ordinarily this might be the case, but here we have the trial court admitting in evidence the warrant over the objections of the defendant, and thereby saying to the jury that it is entitled to the probative force of evidence, and that they are entitled to consider it as evidence upon the questions in issue. No reason is given, nor is any apparent, for offering the warrant in evidence. By this warrant the jury were informed that one Benjamin F. Smith, Jr., had made oath that the defendant had, within the last 30 days, unlawfully sold intoxicating liquors without a license, and was then keeping intoxicating liquors in his place of business with the intention to unlawfully sell them. The jury were permitted to consider that evidence, and there is no way of ascertaining the weight that was given it, nor to what extent it influenced the jury in determining that the liquors, which the defendant had sold and was keeping for sale, were intoxicating. This was a material, controverted question in the case, and, as we view it, this evidence was admitted without any justification or excuse. It was calculated to prejudice the rights of the defendant, and we cannot presume that it did not.

The same question was before this court in the case of *Nelson v. State,* 53 Neb. 790. The court there held that the admission of the warrant in evidence was prejudicially erroneous. The state seeks to distinguish that case from this, because it was stated in the opinion in that case that the warrant was issued in an independent proceeding.

But an examination of the case leads us to the belief that it was the warrant under which the liquors were seized, and in all respects similar to the case at bar.  The state seeks to avoid the effect of this case on the ground that the sheriff, who made the return, was a witness and fully testified to the facts, and that they did not differ from the facts set forth in the return; while in the case of *Nelson v. State,* supra, it was stated that the officer, by whom the return was made, was examined and cross-examined as a witness in that case, and that his testimony had much less of positiveness than did his return.  We do not think this is sufficient to distinguish the cases, nor to change the rule laid down.  The principal vice was in the fact that it informed the jury that the complainant had sworn positively to the facts that were set forth in the complaint and copied into the warrant, and that this was competent evidence for them to consider upon the issues involved.  This error alone is sufficient to justify a reversal of the judgment, but there are other errors assigned that are likely to occur on a retrial, which we will consider.

The defendant complains because evidence of the keeping of Western Brew Beer was admitted in evidence, and because samples of this liquor, together with samples of other liquors than those alleged in the information, were offered in evidence, and the jury were permitted to taste samples thereof.  Where the evidence shows the liquors were all substantially the same kind, although being sold under different names, and that, as in this case, all the liquors which were being sold belonged to the class of beer, it was not error to admit evidence of the keeping of other liquors of the same kind, although they bore different names.  We think it would have been the same if the information had charged the defendant with the keeping of beer.  Notwithstanding the liquors bore other names, yet, if they were in fact beer, the evidence concerning them was rightly received.  When the evidence discloses that the defendant was in possession of the identical liquors charged, with intent to sell them, the admission of evi-

dence showing that he kept other liquors than those charged is permissible. *Feddern v. State,* 79 Neb. 651. It has been frequently held not improper for the jury to examine the liquors and to taste thereof. *Schulenberg v. State,* 79 Neb. 65. While the court would have no authority to direct or compel the jury to taste or sample the liquors, it was not error to permit them to taste thereof if they so chose.

Complaint is made of the giving of instructions numbered 6, 7 and 8. We think each of these instructions was erroneously given. It is not necessary to set out the instructions in full. It is sufficient to say that the vice contained in each is that it did not limit the right to a conviction to the keeping of the liquors charged in the information, but informed the jury that the keeping of intoxicating liquors with the intention of disposing of the same without a license, without limiting the same to the liquors described in the information, was sufficient. The court by its instructions should have limited the jury to a determination of the questions as to whether or not the liquors described in the information were intoxicating, and as to whether or not the defendant had kept the same with the intent to sell them without a license. It is a well-recognized principle that proof of unlawful sales of whiskey will not sustain a charge of unlawful sale of beer, or the reverse. The section of the statute under which this action was prosecuted seems to require that the liquors be described as nearly as may be, and if the defendant is charged with the keeping of beer, or the keeping of other intoxicating liquor under other names, such as Cream of Malt or Malt Extract, which are in fact beer, the charge is not sustained by the proof of keeping other and different kinds of intoxicating liquors. The instructions complained of are all subject to this vice, and should not be given upon a retrial. The jury should be informed that their verdict must be based upon the keeping by the defendant with intent to sell the liquors described in the information.

For the reasons given, we recommend that the judgment

of the district court be reversed and the cause remanded for a new trial.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.