NICHOLAS MCCABE v. STATE OF NEBRASKA.

FILED OCTOBER 22, 1909. No. 16,199.

Intoxicating Liquors: TRIAL: EVIDENCE. In a prosecution in the district court for selling and for keeping for sale intoxicating liquors in violation of law, a county judge's search-warrant under which defendant's premises were searched and liquors seized is not admissible as independent evidence, where it recites that complainant, who was not a witness at the trial, stated under oath that defendant was guilty of the offenses charged in the information.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, JUDGE. Reversed.

J. G. Beeler and Wilcox & Holligan, for plaintiff in error.

William T. Thompson, Attorney General, and George W. Ayres, contra.

ROSE, J.

Nicholas McCabe, a practicing physician who owned a drug store at North Platte, was prosecuted in the district court for Lincoln county for selling and for keeping for sale intoxicating liquors in violation of law. The information contained eight counts. A jury found him guilty on the fifth count of selling a bottle of whiskey to Peter Klinefelter March 17, 1908; on the sixth count of selling

a bottle of brandy to Peter Klinefelter March 21, 1908; on the seventh count of keeping brandy, gin and whiskey for sale March 23, 1908, without a license or physician's or druggist's permit; on the eighth count of keeping port wine, angelica and sherry wine for sale without a license or physician's or druggist's permit. For each of the offenses described defendant was fined $100, or $400 in all, and now presents the record of his conviction for review by petition in error.

By virtue of a writ issued by the county judge of Lincoln county, the sheriff searched defendant's drug store March 23, 1908, and the same day returned the writ with an indorsement showing he had found and seized whiskey, port wine, gin, angelica, sherry and brandy. At the trial of the present case the search-warrant and the sheriff's return were admitted in evidence over the objection of defendant, and this ruling of the trial court is assailed as a prejudicial error, for which the conviction should be reversed. These documents were read to the jury and appear in the record as independent evidence of defendant's guilt in violation of a rule announced in two former decisions. Following *Nelson v. State,* 53 Neb. 790, it was held: "In a prosecution under section 20, ch. 50, Comp. St. 1905, for unlawfully keeping intoxicating liquors with the intent to sell the same without a license, it is prejudicial error to permit the introduction in evidence, over objection, of the search-warrant under which the premises of the defendant were searched and the liquors seized." *Weinandt v. State,* 80 Neb. 161.

In the present case defendant was convicted on two counts for violating the section cited. There is, therefore, no escape from the conclusion that, under the rule quoted, the search-warrant was not admissible as independent proof that defendant kept liquors for sale in violation of law, as charged in the information. The error also extends to the convictions for unlawful sales, since those infractions of the statute are recited in the search-warrant as being supported by the oath of the complainant in

the county court. The attorney general, however, has made an earnest appeal for an affirmance of the judgment on the ground that the error is not prejudicial. The search-warrant shows that in the county court David B. Loudan on oath charged defendant with the offenses of which he was convicted in the district court in this case. The complainant's statements as to the sales were made in positive terms. In addition, the process indicates on its face that the county judge, under his hand and seal, gave credence to the charges by directing the sheriff to search defendant's drug store for intoxicating liquors. The finding of liquors strengthened complainant's charges. With the exception of the search-warrant, the convictions on the counts relating to sales rest alone on testimony that the liquors were sold by an employee who managed defendant's drug store. The only proof that defendant personally made the sales is found in the search-warrant. By means of the writ erroneously admitted in evidence Loudan's statement under oath that defendant committed the offenses charged reached the jury. Loudan did not testify orally as a witness, and there was no opportunity for cross-examination. Defendant was not permitted to meet him face to face as a witness, a privilege guaranteed by section 11 of the bill of rights. There was no instruction by the court directing the jury to disregard the search-warrant as independent evidence. For anything that appears in the record, complainant's sworn statements in a different proceeding in another court may have appealed to the jury as convincing proof of defendant's guilt. Under the circumstances stated, it cannot be definitely determined that the error was without prejudice. There was also error in admitting copies of freight bills describing packages of liquors without a proper foundation for their introduction.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.