DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1922.

The People of the State of Illinois, Defendant in Error, v. Stanley Bishop, Plaintiff in Error.

### Gen. No. 6,991.

1.  INTOXICATING LIQUORS—*proof of former convictions on indictment under Search and Seizure Act.* Under section 23 of the Search and Seizure Act (Cahill's Ill. St. ch. 43, ¶ 73), a conviction for a former violation of any provision of such act, if alleged in the indictment or information, may be shown on the trial of the same defendant for a subsequent violation of any other provision of the act.

2.  JURY—*method of selection in county court.* The method of selecting jurors for the county court by lot provided for in section 110 of the Act as to "Courts" (Cahill's Ill. St. ch. 37, ¶ 309) should be availed of whenever it appears reasonably certain to the judge that there are to be jury cases for trial at the next term of court, but if such necessity does not appear the alternative method provided for by that section may be used, in which case the statute should be substantially followed.

(610)

3. JURY—*method of selection in county court as ground for challenge to the array.* In a criminal prosecution in the county court where neither the method of selecting jurors for the circuit court nor the alternative method provided by statute was followed but the sheriff was ordered to summon a venire of twenty-four jurors and later fifteen and still later eleven additional jurors, and defendant was not consulted in the matter nor did he have an opportunity to object, either as to any of the orders or to the officer who was to serve the venires, and such officer was a witness against the defendant, a challenge to the array should have been sustained.

4. JURY—*duty to afford defendant opportunity to object to the officer serving venire.* The right of a defendant to object, upon reasonable grounds, to the sheriff or other officer serving a venire is one of the greatest importance and should not be thwarted or circumvented by the action of the court in ordering the sheriff to summon additional jurors without giving defendant an opportunity to make objections.

5. JURY—*when right of challenging panel not waived by acceptance of jury.* In a criminal prosecution where the court announced that, because of the absence of one of defendant's counsel on the previous day, he might have the right to challenge any of the jurors but that an entire examination of the jury would not be permitted and asked such attorney if the jury was satisfactory, his affirmative reply thereto did not waive any rights of defendant to object to the entire panel.

6. INTOXICATING LIQUORS—*possession of unlawful articles as insufficient to show unlawful manufacture.* That defendant had in his possession a barrel of mash, some intoxicating liquor and a still, constitutes no proof of a charge of unlawfully manufacturing a preparation from which intoxicating liquor is made.

7. INTOXICATING LIQUORS—*illegality of seizure of mash not described in search warrant.* Mash, such as is used in manufacturing intoxicating liquor, is not subject to seizure under a search warrant authorizing the seizure of all intoxicating liquors found on the premises described and all vessels containing same and all implements, furniture or vehicles kept or used for the purpose of violating or with which to violate any law of the State.

8. INTOXICATING LIQUORS—*mash not potable not intoxicating liquor.* Mash, such as is used in the manufacture of intoxicating liquor, but which is not potable and not capable of being used as a beverage, is not intoxicating liquor as the same is defined by section 1 of the Search and Seizure Act (Cahill's Ill. St. ch. 43, ¶ 51).

9. INTOXICATING LIQUORS—*authority to seize preparation from which liquor is made.* Section 17 of the Search and Seizure Act (Cahill's Ill. St. ch. 43, ¶ 67) does not authorize the seizure of a

preparation or other article from which intoxicating liquor as a beverage is made, the manufacture of which is declared to be unlawful under section 4 of the Act (Cahill's Ill. St. ch. 43, ¶ 54).

10. INTOXICATING LIQUORS—*admissibility in evidence of article unlawfully seized under search warrant.* Where the taking of mash under a search warrant was unlawful because it was not described in the warrant and because the statute did not provide for search and seizure of preparations from which intoxicating liquor may be made, such mash should not be used as evidence against one being prosecuted for unlawfully manufacturing a preparation from which intoxicating liquor is made.

11. SEARCHES AND SEIZURES—*necessity for and requisites of description of premises in warrant.* A search warrant must contain a description of the premises to be searched so specific and accurate as to avoid any unnecessary or unauthorized invasion of the right of privacy, and to such end should so identify the property as to leave the officer no doubt and no discretion as to the premises to be searched.

12. INTOXICATING LIQUORS—*insufficiency of description of premises in search warrant.* A search warrant, under the Search and Seizure Act (Cahill's Ill. St. ch. 43, ¶¶ 66, 67), which described the premises to be searched as, "A certain house, barn and outbuildings, etc., being more especial a flat building painted brown occupied by Stanley Bishop on Victoria street near 14th in the City of North Chicago," was insufficient in that the premises directed to be searched were not fully described.

13. SEARCHES AND SEIZURES—*sufficiency of description of building in search warrant.* A building to be searched under a search warrant must be described therein with as much precision and accuracy as the circumstances will permit, and where it has a number on a certain street the warrant should so describe it.

14. INTOXICATING LIQUORS—*admissibility in evidence of search warrant and return.* In a prosecution under the Search and Seizure Act (Cahill's Ill. St. ch. 43, ¶ 51 *et seq.*), a search warrant and the return thereon are inadmissible in evidence.

15. INTOXICATING LIQUORS—*reversal of conviction for error in admitting evidence obtained under invalid search warrant.* A conviction, under the Search and Seizure Act (Cahill's Ill. St. ch. 43, ¶ 51 *et seq.*), of manufacturing a preparation from which intoxicating liquor is made, which was based on evidence obtained under an invalid search warrant, cannot be sustained.

Error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed August 5, 1922.

Joseph A. Jadrich, for plaintiff in error; E. V. Orvis, of counsel.

Ashbel V. Smith and Albert L. Hall, for defendant in error.

Mr. Justice Jones delivered the opinion of the court.

This is a prosecution upon an information containing four counts, of which the third charges the plaintiff in error with unlawfully manufacturing a preparation from which intoxicating liquor as a beverage is made; and said count further charges that the plaintiff in error had previously been convicted of violating section 3 of the so-called Search and Seizure Act [Cahill's Ill. St. ch. 43, ¶ 53] by manufacturing intoxicating liquors. The plaintiff in error was convicted under the said third count and he was adjudged to pay a fine of $500 and to be imprisoned in the county jail for 90 days.

The information was filed in the county court of Lake county on the 13th day of June, 1921, that being the first day of the June term of the county court. On that day the county court, after calling the docket to ascertain what cases, if any, would be for trial, ordered a venire for twenty-four jurors. On June 17, this case was set for trial on June 28. On June 21, the court of its own motion ordered the sheriff to summon a special venire of fifteen jurors to appear before the court on the 27th day of June. When the case was called for trial on the 28th day of June, the court ordered the sheriff to summon eleven additional jurors.

The plaintiff in error challenged the array upon the grounds that it was illegally drawn and that the sheriff who was an interested party in the case had selected and served the jurors, and that the jury was in fact "packed." The challenge was overruled.

The contentions of the plaintiff in error are, first, that there could be no conviction and sentence for a second offense because the first offense proven was for the unlawful manufacture of intoxicating liquors, while the conviction in this case is for the unlawful manufacture of a preparation from which intoxicating liquor as a beverage is made; second, that the jury was not lawfully drawn; third, that the jury was selected by the sheriff who was a person interested in the suit; fourth, that the search warrant introduced in evidence was invalid and also that it was inadmissible; fifth, that the court erred in the giving of certain instructions at the request of the People and in the refusal of others requested by the defendant; and sixth, that the judgment of conviction is against the law and the evidence.

We think the form of the information charging a second offense against plaintiff in error is in conformity with the statute and that it was permissible to admit in evidence proof of a conviction for a former violation of the Search and Seizure Act. Under section 23 of said Act [Cahill's Ill. St. ch. 43, ¶ 73], it is not necessary that the former conviction shall be for the same offense as is charged against the defendant in the information or indictment under which he has subsequently been placed on trial. A conviction for a former violation of any provision of said act, if alleged in the information or indictment, may be shown on the trial of the same defendant for a subsequent violation of any other provision of said act.

The plaintiff in error in his brief complains that the trial court refused to instruct the jury that they might find the defendant guilty of an attempt to manufacture a preparation from which alcoholic liquor may be made. Under the views hereinafter expressed, it is unnecessary for us to discuss this question. However, we will state that we are of the opinion that the court committed no error in that regard.

Section 110 of an Act entitled "Courts" [Cahill's Ill. St. ch. 37, ¶ 309] provides that unless the court shall otherwise order, juries for law terms of the county court shall be drawn and summoned in the same manner as is provided for the drawing and summoning of juries for the terms of the circuit court. When a jury is not summoned as above provided, it shall be the duty of said court, on the first day of each term thereof to call all cases for trial on the docket, to ascertain whether a jury will be required. If a jury shall be demanded by either party to the suit pending, or by any defendant or the State's Attorney in any criminal suit, the court shall thereupon set the case or cases for trial, and direct the clerk of said court to issue a venire for twelve competent jurors. It is further provided by said section that if by reason of nonattendance, challenge or otherwise, said jury shall not be full, the panel may be filled by talesmen and that in case the sheriff be interested in any jury case pending, or in case any party interested, or any attorney, may object to the sheriff selecting the jury, the court shall appoint an impartial bailiff to summon such jury if it shall think such objection is reasonable. The said jury may be retained for all the jury trials of the term.

It thus appears that alternative methods for selecting a jury for the law term of county courts are provided by the statute. The jury may be drawn and summoned in the same manner as are juries for the terms of the circuit court or, if it is not so drawn, it may be summoned under an order of the court, by the sheriff from the body of the county. In enacting this provision of the law the Legislature evidently had in mind the fact that in many of the counties of this State a jury is often not required for the law terms of the county court and that in many other counties frequently no more than one or two jury cases are tried at such terms. Therefore, in order to save the

unnecessary expense of causing a jury to be drawn and summoned as the same is done in the circuit court, authority is given to the county court to call the docket on the first day of the term and to ascertain if there be any cases for trial and if so to order a venire of twelve competent persons who may act as jurors in all cases which may be tried at such term. The right of a defendant in a criminal case to be tried by an impartial and unbiased jury of his peers is a constitutional right of the highest degree of substantiality. In order to insure this right, jurors for the circuit court are obtained by lot. The name of every person on the jury list is placed in a box. The clerk is blindfolded and in the presence of the county judge draws the necessary number of names of jurors. This method is intended to insure fairness both to the People and to the defendant. It is not an idle practice but is one which is thought necessary and requisite to fair and impartial trials. This method of selecting a jury is also provided for county courts and should be availed of whenever it appears reasonably certain to the judge of said court that there are to be jury cases for trial at the next term of such court. But where such necessity does not appear, the alternative method of selecting a jury may be availed of and the statute concerning the same should be substantially followed and not departed from. In this case a jury was not drawn and summoned as are the juries in the circuit court, but on the first day of the June term, 1921, the court ordered the sheriff to summon twenty-four competent jurors. It does not appear that the defendant in this case or his attorneys knew that such venire was to be ordered. The inference is that they knew nothing about it because the information was not filed until that day and the defendant was not brought into court until June 17, when his case was set for trial on the 28th of that month. Later two more venires were ordered by the court of its own motion. We are

aware that this court has said in *Yunker v. Marshall & Daly,* 65 Ill. App. 667, that where the county court ordered a venire to issue for eighteen men instead of twelve, as provided by the statute, the departure is a mere irregularity and that a challenge to the array on that ground was properly overruled. That case was a suit in assumpsit. On the first day of the term, Yunker demanded a jury to try the cause and thereupon a venire for eighteen jurors was ordered. He made no objection to the entry of the order but later when the cause was ready for trial entered a challenge to the array. What was said by this court in its opinion in that case was applicable to the facts as they there existed and was in accordance with the rule of law that a challenge to the array will not be allowed unless it is shown that a positive injury has resulted in consequence of the refusal of the court to quash the venire. (*People v. Board Sup'rs Madison Co.,* 125 Ill. 334.) It may be said that an order for a venire of twenty-four men at the beginning of the term, although an irregularity, might not so affect the interests of a defendant that the court would be justified in allowing a challenge to the array. On the other hand, such a panel might be subject to challenge; for instance, if the venire were served by a sheriff or other officer who was interested in the case. Under such circumstances it would be apparent that the challenge ought to be allowed regardless of whether twelve or twenty-four men had been summoned.

In this case without any showing of record why the statute should not be followed as to the number the sheriff might summon, a venire for twice the number mentioned in the statute was ordered. Later, and also without any showing of record as to the necessity for it, the sheriff was ordered to summon fifteen additional jurors, and still later he was ordered to summon eleven more, making a total of fifty jurors, a number considerably in excess of the minimum num-

ber fixed when juries are drawn from the box as for the circuit court. Neither the State's Attorney nor the defendant requested the ordering of any such venires. Apparently the defendant was not consulted about the matter. Nor did he have an opportunity to object to any of the orders either as to the number of jurors to be summoned or to the officer who was to serve the venires. As soon as his case was called for trial, he challenged the array and the challenge was overruled.

It will be observed that the statutory requirements concerning the selection of a jury to try the defendant were almost wholly disregarded. He was not given opportunity to avail himself of any of the rights and privileges accorded to him by the statute. Not only were venires issued calling for more than four times the number of jurors prescribed by law, but the vacancies, if any occurred, were not filled in the manner the statute prescribed. It was obviously the intent of the Legislature to give to a defendant, or in fact to any party to a suit, cognizable at the law term of the county court an opportunity to exercise a strict scrutiny over the selection of jurors when they are to be summoned by the sheriff, and to that end the right was given to a party to object to the sheriff or other officer to whom the venire was directed. In *People v. Mankus*, 292 Ill. 435, the defendant was charged with the violation of the Local Option Law. The county judge on the first day of the term appointed a special bailiff and ordered him to summon thirty-six jurors. This was done without the knowledge or consent of the defendant. Upon the return of the venire the defendant moved that it and the return thereon be quashed. His motion was overruled and upon a trial he was found guilty by the jury and judgment was entered upon the verdict. The Supreme Court of this State in reviewing the case reversed and remanded it because the court erred in not sustaining defendant's said mo-

tion; and the court in its opinion said that: "The common law practice of courts to provide juries is subordinate to the methods expressly provided by statute, and where there is such a statute it is not to be departed from but must be substantially complied with. * * * While it has been often held such statutes are directory, that a substantial compliance with their requirements is sufficient and that a mere irregularity will not be fatal, that is only so where an attempt has been made to follow the statute and there has been some irregularity in doing so." The departures from the provisions of the statute in the *Mankus* case were not so numerous as they were in the case at bar. Therefore, under the authority of the *Mankus* case, the trial court should have allowed the challenge of plaintiff in error. It may be added as a sidelight that the officer who served each of the venires in this case was used as a witness against the defendant. A provision of the statute which authorizes objections by interested parties to the service of a venire by the sheriff is both wise and necessary. It is intended to prevent what is known as "packing" juries or obtaining "hand picked" juries. The right of a defendant to object, upon reasonable grounds to the sheriff or other officer serving a venire, is one of the greatest importance to him and should not be thwarted or circumvented by the action of the court in ordering the sheriff to summon additional jurors without giving the defendant the opportunity of making objections if he desires to do so. The justice and reason for this provision of the statute may readily be discerned if we should imagine a case where the officer who served the venire is also a witness for the People and who gives testimony against the defendant.

It is urged that the defendant has waived his right to insist upon the errors of the court in obtaining the jury by the conduct of his counsel. After the court had overruled the challenge to the array and after all

of the jurors had been selected and after the opening statement to the jury had been made by the State's Attorney, the trial judge stated that upon the adjournment of court the evening before, because of the engagement of Mr. Orvis, one of counsel for defendant, in a trial in the circuit court, he might have the right to challenge any of the jurors but that the court would not permit the entire examination of the jury to be opened up. The court then asked Mr. Orvis if he wished to exercise the right of challenge or if the jury was satisfactory, to which Mr. Orvis replied "Yes." The jury were then sworn. We do not see how this can be construed into a waiver of any of the rights of the defendant to object to the entire panel. All the court offered to him or to his attorney was an opportunity to challenge for cause.

The evidence offered to support the allegations of count three of the information consists of the search warrant, the return made by the officer thereon reciting that he had seized a fifty-gallon barrel of mash, and of the testimony of certain officers who participated in the search, to the seizure of said barrel of mash, and also to the seizure of some potato mash which was found in the basement of a flat building. Certain liquids which were said to be intoxicating and a so-called still were found and seized. But proof of the seizure of these liquids and the still constitutes no proof of the charge made in count three. It may have been evidence of the manufacture or sale or of the unlawful possession of intoxicating liquors, but it cannot be contended that it is any proof of the manufacture of a preparation from which intoxicating liquor is made. Proof that the defendant was the owner of a still, or that he unlawfully possessed intoxicating liquors, or that he manufactured intoxicating liquors or that he sold intoxicating liquors is not sufficient to establish the guilt of a defendant charged with having manufactured a preparation from which

intoxicating liquor as a beverage is made. The un-
contradicted evidence of the chemist who analyzed the
mashes is that they were not potable and were not
capable of or suitable for being used as a beverage;
that they were solids, hence they were not intoxicating
liquors as the same are defined by section 1 of the
Search and Seizure Act [Cahill's Ill. St. ch. 43, ¶ 51].

The search warrant in this case followed the form
prescribed by the statute and commanded the seizure
of all intoxicating liquors found on the premises and
all vessels containing same and all implements, fur-
niture or vehicles kept or used for the purpose of
violating or with which to violate any law of the State.
As has already been said, the mash is not an intoxi-
cating liquor as defined by the statute. Neither can
it be classed as an implement, furniture or vehicle
kept or used for the purpose of violating any of the
laws against intoxicating liquor. It is well established
that an officer who is executing a search warrant has
no right to seize property not described in his writ.
The writ must describe the property to be searched
for and seized with particularity. (*Frost v. People,*
193 Ill. 635; 23 Cyc. 296.) It would therefore appear
that inasmuch as the mash was not mentioned or de-
scribed in the writ, the officer had no right to seize it.
But even if it had been particularly described in the
writ, we are of the view that its seizure would not have
been lawful. A search warrant is recognized as a
severe writ and heavy penalties are often imposed for
an abuse of its provisions. It cannot be extended be-
yond the necessary inferences of its terms. It cannot
be employed at all without a strict compliance with the
law. It is never issued except where expressly au-
thorized by law. An examination of section 17 of the
Search and Seizure Act [Cahill's Ill. St. ch. 43, ¶ 67]
will disclose that search and seizure can only be had
under its terms for intoxicating liquor with the ves-
sels containing the same, and all implements, furni-

ture and vehicles kept or used for the purpose of violating any law of this State. It therefore appears that the Legislature did not intend that a warrant should issue under the Search and Seizure Act for the seizure of a preparation or other article from which intoxicating liquor as a beverage is made, the manufacture of which is declared to be unlawful under section 4 of said Act [Cahill's Ill. St. ch. 43, ¶ 54]. The seizure of the mash being unlawful, first, because it was not described in the warrant and, second, because the statute does not provide for search and seizure of preparations from which intoxicating liquor may be made, it follows that it should not have been used in evidence against the plaintiff in error. It has been held in *Amos v. United States,* 255 U. S. 313, 41 Sup. Ct. 266, and in *Gouled v. United States,* 255 U. S. 298, 41 Sup. Ct. 261, that articles, even intoxicating liquors, obtained by unlawful search and seizure are not admissible in evidence to prove the guilt of a defendant.

It is next urged that the search warrant is invalid because the place to be searched was not particularly described in the complaint and writ. The description is as follows: ''A certain house, barn and outbuildings, etc., being more especial a flat building painted brown occupied by Stanley Bishop on Victoria street near 14th in the City of North Chicago.'' A search warrant must contain a description of the premises to be searched so specific and accurate as to avoid any unnecessary or unauthorized invasion of the right of privacy. To this end it should identify the property in such a manner as to leave the officer no doubt and no discretion as to the premises to be searched. (23 Cyc. 297; *Com. v. Intoxicating Liquors,* 150 Mass. 164.) Whether the premises mentioned in the writ are north, south, east or west of 14th does not appear. In fact we are assuming that ''14th'' is intended to indicate a street. Nothing is said in the warrant as to whether or not it is a street, but proceeding upon

the assumption that "14th" is a street in North Chicago, a location of the premises to be searched as gathered from the writ is a brown flat building on Victoria street somewhere near 14th street and occupied by Stanley Bishop. The evidence shows that the flat building which was searched was not a brown building at all but was a tan or yellow building. The return of the officer upon the warrant shows that the building is located at 1419 Victoria street. Unquestionably the officer making the search was not left without doubt or the use of discretion as to the premises to be searched. He could not have located them by anything contained in the warrant except that they were occupied by Stanley Bishop. It has also been held that the description must be given with as much precision and accuracy as the circumstances will permit. In this case if the building sought to be searched was located at 1419 Victoria street, the warrant should have so described it. In *State v. Intoxicating Liquors,* 44 Vt. 208, it was held that the description should be as certain as if it were required in a deed to convey a specific parcel of realty and it must fully direct the officer so that he will have no discretion as to what place he is to search. (See also 23 Cyc. 294.) We believe the warrant is insufficient in that the premises directed to be searched are not fully described.

Over the objection of the defendant, the court admitted in evidence the search warrant and the return thereon. This has been held to be error. In *People v. Fryer,* 266 Ill. 216, it was said: "The warrant and return were improperly introduced in evidence over the plaintiff in error's objection. These documents were not legal evidence of any fact in the case. * * * The warrant recites that the articles named in it were feloniously stolen, and, the return, that the articles found were those described in the writ. Neither statement was evidence against the plaintiff in error of its correctness, yet they were submitted to the jury as

tending to prove the issue." All that is said by the Supreme Court against the admission of the writ and the return in the *Fryer* case can be said with equal force against the admission of the writ and return in this case.

Without the improper production in open court of the mash which was offered in evidence against the defendant, the inadmissible testimony of the witnesses who participated in the search and seizure, the inferences which might have been drawn from the search warrant and return thereon, there is no evidence in the record even tending to prove the guilt of the plaintiff in error of the crime charged in the third count of the information.

Because of the errors herein pointed out the judgment in this case is reversed and remanded.

*Reversed and remanded.*