STATE, RESPONDENT, *v.* HOWLAND, APPELLANT.

(No. 5,059.)

(Submitted September 14, 1922.   Decided October 10, 1922.)

[209 Pac. 991.]

*Criminal Law — Intoxicating Liquors — Unlawful Sale—Improper Evidence—Court Files in Other Proceeding—Prejudicial Error.*

Criminal Law—Error in Admission of Evidence—When Harmless.
1.   In a criminal prosecution, error in the admission of incompetent, irrelevant and hearsay matters will not justify the granting of a new trial, when the objectionable evidence is of such a character that it can be said that the verdict was in nowise affected by it.

Same—Sale of Intoxicating Liquor—Court Files in Search-warrant Proceeding—Inadmissibility—Prejudicial Error.
2.   In a prosecution for unlawfully selling intoxicating liquor, the state, over defendant's objection, was permitted to introduce in evidence the court files in a search-warrant proceeding which had been instituted against defendant three days after the date of the alleged sale.   The files consisted of the complaint of the sheriff for a search-warrant, an affidavit of one stating, among other things, that affiant had purchased liquor from defendant at different times and that another person named had done the same thing.   The search-warrant recited the official finding of the trial judge that proof had been made before him that intoxicating liquor was then being unlawfully kept for sale, *etc.*   At the trial the maker of the affidavit was not asked as to the sale of liquor to the other person named therein and the other person referred to was not called as a witness.   The sheriff while on the stand was not asked as to statements contained in his complaint for the search-warrant.   *Held,* that the proper method of proving the statements contained in the files was by examination of the witnesses under oath and not by their written statements made in an *ex parte* proceeding at another time and place than that alleged in the information, and that therefore their admission was prejudicial error.

*Appeals from District Court, Rosebud County; George A. Horkan, Judge.*

CHARLES HOWLAND was convicted of selling intoxicating liquor, and he appeals from the judgment and an order overruling his motion for new trial.   Reversed and remanded. with directions to grant new trial.

*Messrs. Campbell & Carolan,* for Appellant, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. L. A. Foot,* Assistant Attorney General, and *Mr. I. S. Crawford,* County Attorney, for the State, submitted a brief; *Mr. Foot* argued the cause orally.

MR. CHIEF COMMISSIONER LENTZ prepared the opinion for the court.

Defendant was convicted of the crime of unlawfully selling intoxicating liquor, and has appealed from the judgment and an order overruling his motion for a new trial. To support a conviction the state relies upon the proof of an alleged sale of whisky to one W. K. McFadden on September 27, 1921. There are several assignments of error, but one of which is of sufficient merit to deserve attention.

Over defendant's objection, the state was permitted to introduce in evidence the entire court file in a cause entitled *State of Montana ex rel. C. E. June* v. *Charles Howland,* then pending and undetermined in the district court of Rosebud county. This was a search-warrant proceeding, instituted against the defendant on October 1, 1921. The documents in this file are a complaint for a search-warrant signed by the sheriff, C. E. June, an affidavit by W. L. McFadden, a search-warrant signed by the judge of the district court, the officer's return on the search-warrant, and a warrant issued by the judge, ordering the sheriff to hold the property purporting to have been seized under the search-warrant, pending a hearing to determine whether it should be destroyed.

Defendant insists that since these documents were secondary in character and hearsay, they were in nowise competent as evidence against him; that the statements contained therein, which the jury were permitted to consider in arriving at their verdict, were highly prejudicial, and that therefore defendant has not been given a fair trial.

It is, of course, elementary that the proper method of putting before the jury the testimony of the complaining witness, the sheriff, and the presiding judge as to defendant's alleged

wrongdoing, was by their examination under oath in open
court, in defendant's presence, and that it was therefore error
to admit as evidence their written statements, made in an *ex
parte* proceeding at another time and place. Error in the
[1]    admission of incompetent, irrelevant and hearsay matters,
however, will not justify the granting of a new trial, when
the objectionable evidence is of such a character that it can
be said that the verdict of the jury was in nowise affected
by it. It was error without prejudice to defendant's rights
if the statements in the files received in evidence were of such
a nature that the verdict of the jury could not have been
affected thereby.

A mere recital of some of the statements contained in the
[2]    documents will suffice to indicate that they were well
calculated to influence the minds of the jury in arriving at
their verdict. The affidavit of the sheriff states that the de-
fendant "occupies room No. 20 in the said Royal Rooms, and
uses said room No. 20 as a place for the unlawful storing and
keeping of intoxicating liquor pending the sale of the same, and
that said room is a place of public resort, and frequented by
people who wish to purchase liquor and who purchase liquor."
The affidavit of W. L. McFadden, besides stating that affiant
purchased whisky from defendant at different times, recites
that one Gust Paulson had purchased intoxicating liquors from
defendant. The search-warrant contains, among other things,
the official finding of trial judge that "Proof having been
made before me this day by W. L. McFadden that intoxicating
liquor is now unlawfully kept for sale and is being unlawfully
sold and disposed of by the said Charles Howland."

It will thus be seen that the attention of the jury was called
to the alleged commission by the defendant of several offenses
other than that charged in the information, to-wit, unlawful
possession of intoxicating liquor, maintaining a common nui-
sance, and making unlawful sales other than the one for which
defendant was on trial. Gust Paulson was not called as a wit-
ness, and McFadden, while on the witness-stand, was not asked

as to the alleged sales to Paulson. The sheriff was produced as a witness for the state, but was not asked as to the statements contained in his affidavit quoted above. Assuming, but not deciding, that other offenses could properly be proven in this case, clearly it was not permissible to prove them by the method attempted. (*Nelson* v. *State*, 53 Neb. 790, 74 N. W. 279; *Weinandt* v. *State*, 80 Neb. 161, 113 N. W. 1040; *McCabe* v. *State*, 85 Neb. 278, 122 N. W. 893.)

In *Weinandt* v. *State, supra,* a case similar to the one at bar, the supreme court of Nebraska said: "No reason is given, nor is any apparent, for offering the warrant in evidence. By this warrant the jury was informed that one Benjamin F. Smith, Jr., had made oath that the defendant had, within the last thirty days, unlawfully sold intoxicating liquors without a license, and was then keeping intoxicating liquors in his place of business with the intention to unlawfully sell them. The jury was permitted to consider that evidence, and there is no way of ascertaining the weight that was given it, nor to what extent it influenced the jury in determining that the liquors which the defendant had sold and was keeping for sale were intoxicating. This was a material, controverted question in the case, and, as we view it, this evidence was admitted without any justification or excuse. It was calculated to prejudice the rights of the defendant, and we cannot presume that it did not. * * * The principal vice was in the fact that it informed the jury that the complainant had sworn positively to the facts that were set forth in the complaint and copied into the warrant, and that this was competent evidence for them to consider upon the issues involved. This error alone is sufficient to justify a reversal of the judgment."

For the reasons stated, we believe that error prejudicial to defendant's substantial rights has been committed, and we therefore recommend that the judgment and order be reversed and the cause remanded to the district court of Rosebud county for a new trial.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded to the district court, with directions to grant a new trial.

*Reversed and remanded.*