[Cr. File No. 123.]

STATE OF NORTH DAKOTA, Respondent, v. GEORGE ANDERSON, Appellant.

(260 N. W. 603.)

Opinion filed May 4, 1935.

*Clair F. Brickner,* for appellant.

*A. R. Bergesen,* State's Attorney, and *Roy K. Redetzke,* Assistant State's Attorney, for respondent.

NUESSLE, J. The defendant was convicted in the district court of Cass county on a charge of engaging in the liquor traffic. He moved for a new trial. The motion was denied and judgment was entered on the verdict. Thereupon he perfected this appeal.

In support of his appeal the defendant urges, as he did on his motion for a new trial, that the evidence is insufficient to sustain the verdict and, further, that the court erred to his prejudice in certain rulings touching the admission of evidence.

There is evidence in the record tending to show that the defendant's wife owned certain property in the city of Fargo. On the front of this property was a three story brick business building. On the rear were two small frame houses. The first floor of the brick building was used as a pool hall, a restaurant, a card room, a beer parlor and an employment office, or all of them combined. The upper floors were used for hotel or rooming house purposes. Immediately back of the brick building and about six feet distant from it was the first of the two smaller frame structures. This was a two story building. Access to the upper floor was through an outside door from the fire escape at the rear of the brick building which ascended between the two buildings. There was a small platform from the fire escape to the door. The door from the hotel in the main building to the fire escape was a short distance above this. The upper floor of the smaller building was cut into four rooms with a hallway leading to them. These rooms had the appearance of being used for rooming or hotel purposes. Each room contained a bed, made up with clean linen, a bureau, and some chairs. The second frame building was a little further removed from the brick building and was occupied by one of the maids employed in the hotel who lived in it with her husband.

The defendant Anderson operated the beer parlor and employment office on the first floor of the brick building. He also helped to conduct the hotel business on the upper floors. Though the property belonged to his wife his testimony indicates that he considered and treated it

as his own. He had taken out beer licenses in his own name and in the applications therefor he described the premises on which he conducted his business as the property on which all of the three buildings heretofore referred to were located.

The state's attorney procured the issuance of a search warrant, charging that intoxicating liquors were unlawfully kept by the defendant on these premises, describing the same by lots and block. Pursuant to this search warrant the officers entered and searched the buildings, that is the lower floor of the brick building and the smaller frame building immediately adjacent to it. They found no intoxicating liquor in the brick building but on searching the upstairs portion of the frame building found a large quantity of whiskey and alcohol concealed under the floors of the several rooms. This liquor was contained in pint, quart, and gallon containers. When this search was made the defendant was in the beer parlor in the brick building. No one was found in the frame building.

At the trial the defendant himself took the stand. He testified that he did not use or occupy the frame building; that for some years it had been rented to and occupied by one Ted Helgeson. Helgeson was not present at the trial. The State called certain witnesses who testified that on one occasion they had gone into the poolroom, had told the defendant that they wanted some alcohol, and inquired for Ted; that the defendant said Ted was out but would be back soon and that he might be found in the building to the rear. Thereupon they had gone to the frame building and had bought alcohol from him. Then they returned, bought beer from the defendant, used the alcohol to spike the beer, and drank the resulting mixture there. There was evidence that on another occasion alcohol had been purchased from Helgeson on the premises.

The liquor that was found and seized in the frame building was offered in evidence and was received over the defendant's objections. The search warrant and the officer's return thereon were also offered in evidence. No objection was made to the offer of the liquor on the ground that the same was not lawfully in possession of the State. The search warrant and return were offered not to establish the regularity or propriety of the search and seizure or to lay a foundation for the introduction of the liquor seized by the officers but apparently for the

purpose of establishing where the liquor was found and that the premises where it was found were used and occupied by the defendant. The defendant objected to the introduction of these latter exhibits on the ground that they afforded no evidence of the commission of any crime; that they did not tend to connect the defendant in any way with the commission of the crime; that they were not the best evidence; and that they constituted self-serving declarations. These objections were overruled and the exhibits were received. The defendant insists that this was prejudicial error.

The defendant's first contention is that the evidence is not sufficient to sustain the verdict; that there is nothing from which the jury reasonably might say that the frame building in which the liquor was found was under the control or was used and occupied by the defendant; and that it cannot be said from the evidence that there was any conscious possession of the liquor by the defendant.

The evidence tending to connect the defendant with the liquor in question is slight. Nevertheless we are not at this time prepared to say that there is not enough to sustain a finding against him. Accordingly we are not inclined to disturb the verdict on that account.

However, the judgment must be reversed because of error in admitting the search warrant and return in evidence. The search warrant was issued by the county judge and was signed by him. Among other things it recites that proof by affidavit and complaint had been made to him by the assistant state's attorney that the latter had discovered intoxicating liquor stored and possessed in violation of law by the defendant George Anderson and John Doe on the defendant's premises; further that the court is satisfied of the existence of the grounds of the application for the search warrant and that there is probable cause for believing that the grounds exist and that intoxicating liquor is held and possessed on the premises in question in violation of law. The defendant's objection to the introduction of the search warrant was timely and sufficient. This objection was overruled and the evidence was received. The jury was not advised for what purpose it was received; nor that it could not be considered in determining the matters in issue, that is, whether the defendant had possession of the liquor which was seized and whether such liquor was possessed by the defendant in carrying on the liquor traffic as charged in the information. This evi-

dence was not admissible for either of these purposes. People v. Fryer, 266 Ill. 216, 107 N. E. 134; People v. Bishop, 225 Ill. App. 610; State v. Stevens, 47 Me. 357; State v. Howland, 64 Mont. 338, 209 P. 991; Weinandt v. State, 80 Neb. 161, 113 N. W. 1040; McCabe v. State, 85 Neb. 278, 122 N. W. 893; State v. Collins, 28 R. I. 439, 67 A. 796. The recitals in the search warrant were positive. They stated the conclusions of the county judge with respect to the proofs as made. The officer who made the affidavit and complaint therein referred to was not called as a witness. It seems to us that it is impossible to say that the jury did not consider the contents of this exhibit in rendering their verdict or that it had no effect in determining that verdict. Under the circumstances it must be presumed that prejudice resulted to the defendant.

The judgment is reversed and a new trial is ordered.

BURKE, Ch. J., and MORRIS, CHRISTIANSON and BURR, JJ., concur.