W. S. DANE ALIAS HUMPHREYS V. THE STATE.

*No. 966.   Decided May 6th, 1896.*

### 1.  Deputy County Attorney—Appointment of—De Facto Officer.

Rev. Stat., Art. 281, empowers County Attorneys to appoint deputies, "by consent of the Commissioners' Court," and prescribes certain other requisites to the appointment. Where a Deputy County Attorney had been appointed, and all the requisites of the statute had been complied with, except obtaining the consent of the Commissioners' Court, which had not yet met, and the further fact that, the appointment had not been recorded, it having been simply deposited in the clerk's office. Held: He was a de facto officer—his right as such officer could not be attacked in a collateral proceeding; and, as such officer, he was authorized to administer the oath to an affiant making a complaint for a criminal prosecution.

### 2.  Local Option—Medicated Compound—Evidence—Intent.

On a trial for violating local option, where an issue in the case was, whether the compound sold was an intoxicant, and defendant had testified he had no reason to believe that it was an intoxicant; evidence showing that he had sold the same compound to other parties by the drink, and that it intoxicated them, is admissible to show the intent of defendant.

### 3.  Same—Permitting Jury to Taste and Smell Compound.

On a trial for violation of local option, where a bottle of the compound sold by the defendant, and claimed by the State to be intoxicating, was handed to the jury, and they were permitted to smell and taste the same, which was objected to by the defendant. Held: The matter cannot be reviewed inasmuch as the record is silent as to what effect it had upon the jury.

### 4.  Expert Evidence.

On a trial for violation of local option, where one of the issues was, whether the compound sold by defendant was an intoxicant; it was error to permit a witness to testify as an expert, that he had made a preparation just like the one in question, and that it contained alcohol, when it was shown that the witness was not a chemist nor graduate, and had only studied pharmacy a few months, and that he did not make an analysis of the compound in question, and was unable to do so, and only judged of its qualities by its taste and smell. Where a person shows himself totally disqualified as an expert to give an opinion upon a matter, he ought to be excused by the court

### 5.  Same—Purchaser Not an Accomplice.

By express provision of Art. 407, Penal Code, the purchaser of liquor sold in violation of local option, is not an accomplice.

APPEAL from the County Court of Falls.   Tried below before Hon. WM SHELTON, County Judge.

This appeal is from a conviction for a violation of local option, the punishment being assessed at a fine of $25 and twenty days' imprisonment in the county jail.

A statement is not necessary.

*Rice & Bartlett*, for appellant.—The deputy or Assistant County Attorney was not authorized to administer an oath to the party making the complaint upon which the information was based, and defendant's motion to set aside the indictment, based upon this ground, should have been sustained. Rev. Stat., Art. 281; Scott v. State, 9 Tex. Crim. App., 434; Neiman v. State, 29 Tex. Crim. App., 360; Stewart v. State, 6 Tex. Crim. App., 184; Lambert v. People, 32 Amer. Rep. (N. Y.), 293.

2. The court erred in permitting the drug clerk, Renfro, to testify as an expert, the evidence showing that the witness was not an expert.

3. The court erred in permitting the County Attorney, in handing the preparation claimed to have been sold by defendant to the jury, and permitting the jury to smell and taste the same; and also to smell and taste the preparation made by the drug clerk, Renfro; and which the latter had testified was the same preparation as that in question, and which Renfro stated contained alcohol.

4. The court erred in permitting a witness for the State to testify, that, he had seen defendant sell to others a similar preparation by the drink. Walker v. State, 6 Tex. Crim. App., 576; Rainey v. State, 20 Tex. Crim. App., 473; Willson's Crim. Stat., § 2513.

5. The court erred in refusing to give defendant's special requested instructions upon accomplice testimony of the witnesses who had purchased the compound sold by defendant. Code Crim. Proc., Art. 741; Phillips v. State, 17 Tex. Crim. App., 169; Willson's Crim. Stat., § 2453.

*Mann Trice*, Assistant Attorney-General, for the State, submitted the case on a confession of error.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days' imprisonment in the county jail, and prosecutes this appeal. Appellant filed a motion to quash the information in this case on the ground that W. L. Watkins, before whom the affidavit to the complaint was made, was not a Deputy County Attorney, in this: that his pretended appointment is not of record in Falls County, as required by law, and said appointment was not made with the consent of the Commissioners' Court of Falls County, and no session of the Commissioners' Court of said county has been held since the appointment of said deputy. On this motion evidence was adduced. It was shown that W. L. Watkins was appointed Deputy County Attorney by George C. Cabell, the County Attorney of Falls County; and his appointment was introduced in evidence, upon which there was indorsed the oath of office prescribed

by the Constitution, taken before W. L. Falconer, County Clerk of
Falls County, and the same had been filed with the County Clerk of
Falls County.  It was further shown that said appointment was made
without the consent of the Commissioners' Court of Falls County, said
Commissioners' Court never having convened since his appointment had
been made.  This was the condition of his appointment at the time the
oath to the complaint was made before him.  The statute on this sub-
ject provides:  "County Attorneys shall have power by consent of the
Commissioners' Court, to appoint in 'writing, one or more assistants, not
to exceed three, for their respective counties, to continue in office dur-
ing the pleasure of their principals, and who shall have the power
and authority to perform all the acts and duties of their principals.
*  *  *  and every person so appointed shall, before he enters upon the
duties of his office, take and subscribe the oath of office prescribed by
the Constitution, which shall be indorsed upon his appointment, together
with the certificate of the officer administering the same, and such ap-
pointments and oaths shall be recorded in the office of the County Clerk,
and deposited in said office."  Rev. Civ. Stat., 1895, Art. 281.  It ap-
pears that in this case all of the steps had been taken, except the consent
of the Commissioners' Court, and the record of his appointment had not
been recorded in the clerk's office, his appointment being simply de-
posited there.  We apprehend that the reason for the failure to record
said appointment was because the Commissioners' Court had not made a
formal consent to said appointment.  In our opinion, although the Com-
missioners' Court had not at the time consented to the appointment of
the said Deputy County Attorney, he was a de facto officer, and, as
such, entitled to administer the oath to the complainant in this case, and
his authority could not be attacked in a collateral proceeding.  See, 5
Amer. and Eng. Ency. of Law, p. 107, note 1, for collation of authori-
ties.  In our opinion, the court properly admitted the orders of the court
and the proceedings relating to the local option election in Chilton Pre-
cinct, and the objections taken thereto were not tenable.  Appellant.
objected to the introduction of evidence by the State showing that he
had sold to other persons than the party named in the information the
same compound, to-wit: lemon, ginger, and pepsin, and that he had sold
it to them on other occasions by the drink.  The fact that it was made
an issue in this case as to whether the compound in question was an in-
toxicant, rendered the testimony complained of admissible, as the wit-
nesses testified that it was of a similar character, and known by the
same name, and that they bought it by the drink, and that it intoxicated
them, and that they felt the effects of it as an intoxicant.  Furthermore,
appellant himself testified that he had no reason to believe that it was
an intoxicant.  This testimony, we think, was admissible to show his
intent in the matter, and the court limited this testimony to such pur-
pose, and we do not think the appellant can complain on that account.

    The State was permitted, over the defendant's objections, during the
progress of the trial, to hand to the jury a bottle of the compound which

had been purchased from defendant; and they were permitted, in the presence of the court, to taste and smell of the same. The most material issue in the case was as to whether or not said compound was intoxicating liquor, and evidence was introduced pro and con on that subject. It was competent for the State to introduce all legitimate testimony to establish this issue. The court was authorized to have experts analyze the compound, and to taste and smell of it, and then testify as to the result of such experiment or test before the jury; and in such event the evidence could have been preserved, and brought to this court in the record. While this practical test by the jury may have most materially aided them in arriving at their verdict of guilty, yet the record offers us no evidence as to what effect it had upon them. They may have been convinced, from tasting the liquid, that it was intoxicating liquor, and yet they are silent upon the question; and neither the lower court nor this court is furnished with any data upon which the case can be reviewed, as to this part of the procedure. The jury were also permitted, in the same manner, to test a liquid which was prepared by another person—a druggist—and which he testified was similar to the compound in question, and made of the same material, and he stated that it contained alcohol. The appellant reserved his bill of exceptions to this testimony. This action of the court was erroneous. To our minds, it is questionable whether the witness, E. T. Renfro, sufficiently qualified himself as an expert to testify that the preparation that he compounded contained the same ingredients as that for the sale of which the appellant in this case was tried and convicted. He testified that he was not a graduate in pharmacy, nor was he a chemist, and had only studied chemistry some five or six months at school; that he held a certificate from the pharmaceutical board of the district; that he did not make an analysis of the compound in question, as he was unable to do so, and did not possess the requisite means with which to make an analysis thereof. He further stated that he was unable to state of what said preparation was composed, and that he was unable to test the same by any chemical analysis; that he only judged of its quality by taste and smell. And yet he was permitted to state that he had made a preparation just like the one in question, and that it was, in his opinion, composed of the same identical compounds; that his preparation contained capsicum, alcohol, ginger, syrup, water, and was colored with caramel and lavender; that it contained 21 per cent. alcohol. On this expert testimony the preparation made by the witness was permitted to go to the jury, together with his testimony that it was the same preparation. It is hard to lay down any rule as to who may or may not be qualified to testify as an expert in a case. He was subject to cross-examination, and, of course, the jury weighed and passed upon his testimony. But it would appear that where a person shows himself totally disqualified, as an expert, to give an opinion upon a matter, he ought to be excluded by the court. We do not think there was any error in the charge of the court in defining intoxicating liquors. See, Black, Intox. Liq., Chap. 1, § 2. Nor did the

court err in refusing to give the charge asked by the appellant to the effect that there was no law inhibiting the sale of intoxicating liquors in local option precincts—on the ground, as claimed by the appellant, that there was no penalty fixed to the law. This question has been settled by this court. See, Ex parte Segars, 32 Tex. Crim. Rep., 553. There was no error in the refusal of the court to give the requested charge on accomplice's testimony. The law expressly declares that the purchaser is not an accomplice. See, Penal Code, 1895, Art. 407. For the errors pointed out, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*