MATT SCHULENBERG V. STATE OF NEBRASKA.

FILED MAY 10, 1907.   NO. 14,720.

Criminal Law: TRIAL. In a prosecution for unlawfully keeping intoxi-cating liquor for sale without a license, it is not error for the jury to taste of the liquors seized and produced in evidence at the trial, for the purpose of aiding in the determination of the question whether or not the liquor is intoxicating.

ERROR to the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Reavis & Reavis,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

JACKSON, C.

The defendant was found guilty of unlawfully keeping intoxicating liquors for the purpose of sale without license. He presents the case in this court for review by petition in error.

The principal and important question arises out of the assumption of counsel on either side that the jury were required to taste of certain liquors produced in evidence on behalf of the state. The record in that respect presents this condition: A state's witness was being examined by the prosecution. A portion of the contents of a bottle in evidence was poured into a glass, and the witness was required to taste it, and this question was asked: "Q. Is that beer? A. I couldn't say whether that is beer or not.

By counsel for the prosecution: Let the jury sample it. (The bottle and contents and glass and contents are handed to the jury.)   Objected to as irrelevant, incompetent, and immaterial, and not a proper way to prove intoxicating liquors.   Overruled.   Exception." It will thus be seen that it does not affirmatively appear that any of the jurors tasted of the liquor.   If it is a reasonable inference from the record that they did so, we are of the opinion that it was not error.

The authorities are somewhat in conflict as to the propriety of permitting jurors to taste of liquor in prosecutions of this character, and the question has never before been in this court for determination.   The appellate court of Kansas, in *State v. Lindgrove,* 1 Kan. App. 51, 41 Pac. 689, held that it was error to permit jurors to taste of liquor produced in evidence.   The reasoning seems to be that the jurors thus obtained private grounds of belief, and that after tasting of the liquor they were properly witnesses in the case and disqualified as jurors.   We are unable to concur in that reasoning.   If a belief founded on the evidence during the progress of a trial can be held to be a private ground of information, then it may be so held because of a belief founded on any class of evidence. In *Commonwealth v. Brelsford,* 161 Mass. 61, it is said: "There are grave reasons against giving to a jury liquor to drink for the purpose of determining whether it is or is not intoxicating."   We entirely agree with the sentiment there expressed where such course is taken by direction of the court, express or implied.   The tasting should not be compulsory.   A case in point is that of *People v. Kinney,* 124 Mich. 486, where it was held not to be error to permit the jury to taste of liquor where the question was whether it was intoxicating.   No reason is given to sustain the rule, but we think it is supported both by reason and common sense.   In the determination of a disputed question of fact, there is called in requisition perhaps all the senses of jurors, which they are permitted to freely use, and where, in prosecutions of this

Schulenberg v. State.

character, liquor is produced in evidence, the jury should be permitted to determine in their own way, and by the exercise of such of their senses as they choose to employ, whether it is intoxicating or not.

Another question discussed relates to the admission in evidence of the affidavit upon which the search warrant was issued at the inception of the prosecution, the affidavit having been admitted over the objection of the defendant. If the court erred in that respect, we are not at liberty to consider it, for the reason that the error is not assigned in the petition.

The only other question discussed is the claim of error in the giving of the following instruction: "The jury are further instructed that whiskey and beer are intoxicating liquors within the meaning of the statute, and if you find from the evidence, beyond a reasonable doubt, that the defendant was on or about the 2d day of September, 1905, in Richardson county, Nebraska, keeping in his possession in the building described in the information in this case either beer or whiskey, with the intention of disposing of the same without a license, either for himself or jointly with others, known as a commercial club, then, and in that case, you will find the defendant guilty as charged in the information." The objection urged against the instruction lies in the use of the words "disposing of the same without a license." It is said that one may be in possession of intoxicating liquors with the purpose of disposing of them without in any manner violating the provisions of the statute, although he has no license to sell. That is doubtless true, but there is abundant evidence in the record to sustain the conviction on the charge of keeping intoxicating liquors for sale without license, and there was no evidence of any purpose to dispose of the liquors in any lawful manner. Under such circumstances it was not error to instruct the jury in the language used in the statute, and the error in the instruction, if any, was without prejudice.

We find no reversible error, and recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.