SHELLY THOMPSON v. THE STATE.

No. 2730.   Decided November 12, 1913.

**1.—Local Option—Name of Defendant.**

Where the name of the defendant by his suggestion was changed in the indictment under article 560, Code Criminal Procedure, there was no error.

**2.—Same—Venue—Presumption—Date of Offense.**

Lack of proof of venue must be raised during trial by proper bill of exceptions, otherwise, it will be presumed that the venue was proven in the court below, and where the evidence showed that the witness procured a bottle of alcohol from the defendant upon a certain day and place, the objection that the evidence failed to show the time and place of the offense was not well taken.

**3.—Same—Date of Offense—Charge of Court—Variance.**

Where the court instructed the jury that the offense must have been committed before the returning of the indictment, there was no merit in the objection that because the evidence showed that the sale took place some five days earlier, that there was a variance.

**4.—Same—Publication of Order—County Judge.**

Where the indictment alleged that the newspaper in which the order was published was selected by the county judge and publication of same made, an objection that the indictment charged that the order was published by the Commissioners Court is not sustained by the record.

**5.—Same—Validity of Election—Presumption.**

Under article 5728, Revised Statutes, it is provided that if the local option election is not contested within thirty days after the result has been declared, it must be presumed that the election is valid and binding.

**6.—Same—Bills of Exception—Filing.**

Bills of exception should be filed in time so that the questions raised in the motion for new trial can be passed upon by the trial court, and where they are filed thirty days after the adjournment, they can not be considered on appeal; however, there was no error in admitting evidence that defendant had been charged with arson, and that the bottle of alcohol in evidence was properly identified, etc.

**7.—Same—Name of Prosecuting Witnesses—Variance.**

Where the prosecuting witness married between the alleged offense and the trial, and her name was changed from Susie Gooden to Susie Lewis thereby, there was no variance.

Appeal from the District Court of Angelina.　Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of selling intoxicating liquors in prohibition territory, and his punishment assessed at one year's confinement in the State penitentiary.

The first objection raised in the motion for a new trial is that the indictment was returned against Shelly Thomas, whereas the appellant's name is Shelly Thompson, not Thomas. The following order appears in the record: "After the indictment had been read to the jury, the defendant on his own motion suggested that his name was Shelly Thompson and not Thomas as stated in the indictment. It is, therefore, ordered by the court that the correction be made and that the indictment shall read Shelly Thompson, and it was so done." This proceeding was authorized by article 560 of the Code of Criminal Procedure, and the court did not err in ordering the name changed in the indictment in accordance with the suggestion of appellant.

The proof in this case shows that the main prosecuting witness procured a bottle of distilled alcohol from appellant on the 25th day of March, at Diboll, consequently the objection in the motion that the "evidence failed to show the time and place of the offense, if an offense was committed," is not well taken. If it is intended by this ground to raise the question that the evidence does not show that Diboll is in Angelina County, this comes too late in a motion for new trial. It was formerly held that lack of proof of venue could be raised in the motion for a new trial, and for this reason article 938 of the Code of Criminal Procedure was amended in 1897 to read that in all cases the court on appeal will presume that the venue was proven in the court below, unless that question was made an issue in the trial of the case, and it affirmatively appears by a bill of exceptions properly signed and allowed by the judge. This question, after the amendment was adopted by the Legislature, was fully passed on in McGlasson v. State, 38 Texas Crim. Rep., 351.

There is no merit in the contention that a variance is presented because the evidence shows that the sale, if a sale, took place on March 25th, while the court in his charge instructed the jury that if they

believed beyond a reasonable doubt that defendant in Angelina County, Texas, at any *time during the month of March,* and before the 31st day of March, 1913, did sell intoxicating liquors, etc., they would find appellant guilty. The indictment was returned on the 31st day of March, and it was proper for the court to instruct the jury that the offense must have been committed before that date.

The next objection is that the indictment charges that the order published was by order of the Commissioners Court. If this objection was supported by the allegations in the indictment, under some of the decisions of this court, the objection would be meritorious. But by no strained construction could such a meaning be given to the words contained in the indictment. The indictment alleges that the newspaper in which the order was published was selected by the county judge, and publication of same made.

The objection that "the defendant can not waive the right, but the State must prove that a petition was signed by the required number of qualified voters ordering the election to determine whether the sale of intoxicating liquors should be prohibited," is without merit. Article 5728, Revised Statutes, provides that if the election is not contested within thirty days after the result has been declared, the court shall conclusively presume that the election is valid and binding.

These are all the grounds contained in the motion for a new trial, but some thirty days after the adjournment of court four bills of exception were approved by the court and filed by appellant, presenting other questions. If appellant relied on them to secure a new trial, to have been fair to the trial court, he should have presented the questions thus raised in the motion for a new trial. The court in acting on his application for a new trial, of course, only ruled on such matters as were presented in the motion for new trial, and the law contemplates that all matters which are relied on to present error shall be presented first to the trial court that it may correct its own errors, if errors there be. However, we have read and considered the four bills; the first complains that the court permitted the State to show that appellant had been indicted charged with arson. Under all of our decisions this was admissible as affecting his credit as a witness. The next complains that the court erred in permitting to be introduced the bottle of diluted alcohol secured by the prosecuting witness from appellant. She testified that immediately upon its purchase she delivered it to Mr. Tucker. Mr. Tucker testified he delivered it to the constable, Mr. Lockhart. Mr. Lockhart said he placed it in a safe, and on the day of the trial he went to his safe and got it from the place where he placed it. Even appellant, upon being shown the bottle, testified: "That looks like the same bottle Susie got from me, and it looks like the same substance that was in it when I let her have it." Under such testimony there was no error in admitting the bottle of liquor in evidence. It is also complained that the bottle of liquor was handled by the jury, and they "smelled its contents." There is no evidence that they drank any of

it, and the fact they had it in their hands and smelled its contents would present no error.

The fact that the prosecuting witness was named at the date of the alleged purchase Susie Gooden, that between the time she made the purchase and the time of the trial she had married a man named Lewis, and was called Susie Lewis, would present no variance. The indictment charged a sale to Susie Gooden, the name she bore at the time she says she made the purchase.

The judgment is affirmed.

*Affirmed.*