[No. 2808.      May 31, 1924.]
STATE v. DASCENZO.

SYLLABUS BY THE COURT.

1.   In a prosecution for the unlawful possession and sale of intoxicating liquor, it is not error to permit the jurors, in the presence of the court, the defendant, and counsel, to smell the liquor which has been received in evidence.

2.   Evidence of liquor found in a restaurant adjoining the defendant's soft drink parlor is admissible under a count in an information charging unlawful possession for the purpose of sale, where the defendant's connection or control of such restaurant is an issue of fact in the case.

3.   Instructions to the jury should be considered as a whole, and when, so considered, they fully protect the legal rights of defendant, he cannot complain.

Appeal from District Court, Colfax County; Lieb, Judge.

Angelo Dascenzo was convicted of a violation of the prohibition law, and he appeals. Affirmed.

Crampton, Phillips & Darden, of Raton, for appellant.

Milton J. Helmick, Atty. Gen., and John W. Armstrong, Asst. Atty. Gen., for the State.

OPINION OF THE COURT.

BRATTON, J. The information filed by the district attorney contains six counts, each charging the appellant with a violation of the provisions of chapter 151, Laws 1919, commonly called the Prohibition Law. The first five counts charge him with sales of intoxicating liquor, and the sixth charges him with keeping the same for sale. Counts 4 and 5 were dismissed, and convictions had upon the remaining ones, following which a jail sentence was imposed, and this appeal taken.

[1] 1. During the trial the state introduced in evidence a bottle containing some of the liquor taken from the appellant's premises. Afterwards, and in the presence of the court, the appellant, and counsel, at least one of the jurors was permitted, over appellant's objections, to smell the contents of this bottle, and this is assigned as error. The question is one of original impression here, as it has never been previously presented to this court. It is one with respect to which the courts of other states are not altogether in harmony. Appellant relies upon decisions from Alabama, Kansas, and Texas, as well as the United States Circuit Court of Appeals of the Eighth Circuit, to sustain his contention. He cites Wadsworth v. Dunnam, 117 Ala. 661, 23 South 699; State v. Lindgrove, 1 Kan. App, 51, 41 Pac. 688; State v. Eldred, 8 Kan. App. 625, 56 Pac. 153; State v. Coggins, 10 Kan. App. 455, 62 Pac. 247; State v. Schmidt, 71 Kan. 862, 80 Pac. 948; and Callahan v. U. S., 298 Fed. —, recently decided by the United States Circuit Court of Appeals of the Eighth Circuit. He further relies upon Dane v. State, 36 Tex. Cr. R. 84, 35 S. W. 661, and Parker v. State, 75 S. W. 30, as declared the position of the Court of Criminal Appeals of Texas upon this

question.   These cases, however, are not in harmony
with the later cases from that court which hold that in
a case like this, where the defendant denies altogether
the sale of liquor, it is not error to allow the jury to
smell the liquor after it has been received in evidence.
Thompson v. State, 72 Tex. Cr. R. 6, 160 S. W. 685;
Lerma v. State, 81 Tex. Cr. R. 109, 194 S. W. 167; At-
wood v. State, 257 S. W. 563; and Cook v. State, 253
S. W. 1058.   With this condition obtaining concerning
the decisions from the Court of Criminal Appeals of
Texas, appellant must needs rely upon the decisions
from Alabama, Kansas, and the United States Circuit
Court of Appeals to sustain him.

These cases proceed upon the theory that to permit
jurors to smell liquor authorizes them to render a ver-
dict upon private grounds of belief, without any way
to determine whether the verdict is according to or
against the evidence; that the intoxicating character
of liquor is one of the material things incumbent upon
the state to prove, and that this should be done by evi-
dence, oral or written.   We cannot concur in this view,
as we believe these cases state the minority rule and
are not founded upon logic or reason.   No juror can
receive evidence without the exercise of some of his
senses.   Jurors are permitted to exercise their sense
of sight, in seeing the witnesses, including the de-
fendant, as they testify, and of observing their de-
meanor; they are also permitted to exercise their
sense of hearing, in listening to the tone, as well as the
steadiness or unsteadiness, of the voice, all for the pur-
pose of deciding whether or not such witnesses are
testifying truthfully or falsely.   When physical things
are introduced in evidence, jurors are permitted to look
at them, to decide what they think concerning them.
When liquor is introduced in evidence, jurors are al-
lowed to look at it, and to take into consideration its
color and appearance in deciding what they think it
is.   Again, if a bullet is introduced in evidence in a
homicide case, and it becomes material to determine its
size, caliber, or anything else concerning its physical
appearance, jurors are permitted to look at it, and
frequently take it in their hands and feel it, in order

to determine what they think about it, and how its size and appearance harmonizes or conflicts with other evidence introduced in the case.

We can appreciate no distinction between these matters of common procedure and allowing jurors to smell liquor after it has been introduced in evidence. By so doing, the juror did not gain independent evidence upon which to reach his conclusion, but simply tested the evidence already introduced, in order to properly determine its truth or probative value. In deciding every case, jurors must necessarily take into consideration their knowledge and impressions founded upon experience in their everyday walks of life, and the fact that these things affect them in reaching their verdict cannot be reversible error, because, indeed, jurors without possessing such knowledge and impressions could not be had. After the liquor in this character of a case has been received in evidence, to deny jurors the right to look upon it, smell of it, and take into consideration its appearance and odor in determining what it is, results in closing their eyes against the acquisition of the truth. These views have been expressed by the great weight of authority throughout the several states which have had occasion to consider the question. Morse v. State, 10 Ga. App. 61, 72 S. E. 534; People v. Kinney, 124 Mich. 486, 83 N. W. 147; Schulenberg v. State, 79 Neb. 65, 112 N. W. 304, 16 Ann. Cas. 217; Weinandt v. State, 80 Neb. 161, 113 N. W. 1040; Reed v. Terr. 1 Okla. Cr. 481, 98 Pac. 583, 129 Am. St. Rep. 861; State v. Baker, 67 Wash. 595, 122 Pac. 335; Enyart v. People, 70 Colo. 362, 201 Pac. 564; State v. Simmons, 183 N. C. 684, 110 S. E. 591; Troutner v. Commonwealth, 135 Va. 750, 115 S. E. 693.

[2]  2.  Appellant vigorously complains of the action of the trial court in permitting the witness Thacker, who was a deputy sheriff, to testify that he assisted in making a raid of appellant's soft drink parlor, called ''Over the Top,'' during which he found a bottle of corn whisky in a restaurant adjoining the soft drink parlor referred to. There is testimony that the soft drink parlor, the restaurant, and a tailor shop are

all in one building, but separated by partition walls, with doors opening from one to the other; that the appellant was in charge, and had the keys to various rooms that the officers wanted to enter, and said he was in charge of the business. It further appears that there were found in this soft drink parlor referred to many whisky glasses, empty jugs, and empty glass bottles and jars, all of which smelled of having contained corn whisky, and, furthermore, there is positive proof of several sales of corn whisky at the rate of 50 cents per drink. The appellant testified that he had rented the entire building, and had verably sublet the restaurant portion to one John Accomonda, who conducted the restaurant business. Whether the appellant had in fact sublet that portion of the building, or just what connection he bore to it, was a matter for the jury to decide. If they disbelieve that he had sublet it, and concluded that he was in possession of it, the testimony concerning this bottle of corn whisky found therein was plainly admissible, in connection with all the other facts in the case, to determine his guilt under the sixth count of the information, which charged him with possessing liquor for the purpose of sale.

[3] 3. In paragraph 6 of the court's instruction this language was used:

"If the facts above stated, as to any one of the four counts, to wit, 1, 2, 3, and 6, contained in the information, are proved to your satisfaction and beyond a reasonable doubt, by evidence in this case, it will then be your duty to find the defendant guilty in manner and form as charged in the information. But if such facts are not so proven, or if you have a reasonable doubt of the defendant's guilt, it will then be your duty to find the defendant not guilty."

Appellant excepted to this instruction upon many grounds, among them being that it authorized the jury to consider all of the evidence in determining his guilt upon any one of the counts; that it authorized his conviction upon all of the counts, if the jury found him guilty upon any one of them; and that it failed to

authorize his conviction upon a part of them, and his acquittal upon the others. If this instruction stood alone and independent of the remaining ones, it might well bear the interpretation contended for; but, when it is considered in connection with the remainder of the instructions, we think it is not subject to the criticism counsel directed against it. By the second, third, fourth and fifth paragraphs, the guilt or innocence of the defendant upon the four counts remaining in the information after the dismissal of counts numbered 4 and 5, were separately explained to the jury in clear and unmistakable language. To illustrate: Paragraph 2 submitted his guilt upon the first count of the information in this language:

"The defendant is presumed to be innocent, and before you would be justified in finding him guilty, it devolves upon the state to prove to your satisfaction and beyond a reasonable doubt, upon the first count, that on or about the 4th day of April, 1922, at the county of Colfax and state of New Mexico, the said defendant did unlawfully sell unto one W. P. Walkup intoxicating liquor containing alcohol, said intoxicating liquor not being then and there denatured or wood alcohol or grain alcohol intended and used for mechanical, medicinal, or scientific purposes only, nor wine intended and used for sacramental purposes only."

By paragraph 7 of the instruction, the jury was expressly told to consider each of said counts separately, and to determine the appellant's guilt or innocence upon each count separately. This instruction is in these words:

"Each one of said counts should be considered by you and passed upon separately, as to the guilt or innocence of the defendant as to such count. Verdicts of guilty and not guilty will be handed you, covering each one of the four counts above mentioned, and it will be your duty to pass upon and determine the guilt or innocence of the defendant as to each one of said four counts separately."

When the several portions of the instructions are considered together, it clearly appears that the jury could not have been misled in the manner complained of, as they must have understood the nature of the several charges, and that they must consider them separately and independently of each other. Under

the rule now firmly established in this jurisdiction, instructions must be considered as a whole, and when, so viewed, they fully protect the rights of the defendant, he cannot complain. Territory v. Gallegos, 17 N. M. 409, 130 Pac. 245; State v. Ellison, 19 N. M. 428, 144 Pac. 10; State v. Rodriquez, 23 N. M. 156, 167 Pac. 426, L. R. A. 1918A, 1016; State v. Crosby, 26 N. M. 318, 191 Pac. 1079.

4. What we have just said disposes of the fourth and last error assigned. By it the appellant contends that the eleventh instruction, which defines a reasonable doubt, is incorrect, because it fails to affirmatively direct the jury to consider each of the counts in the information separately, and to apply the reasonable doubt doctrine in that manner, giving to him its benefit in considering each of the charges, but, to the contrary, allows and directs them to consider the entire mass of evidence in passing upon the charge contained in each count; that it fails to advise them that, should they entertain a reasonable doubt concerning any one or more of such counts, he should be acquitted as to them. We have reveiwed the several paragraphs of the charge which must be taken into consideration in passing upon this contention, and we think it is apparent that the several offenses were separately submitted, and the jury expressly told to consider them ia that manner. The authorities hereinbefore cited, declaring the rule that the instructions must be considered as a whole, are applicable and controlling here.

The judgment of the lower court, being without error, should be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.