STATE OF IOWA, Appellee, v. JOHN H. ELMERS et al., Appellants.

**WITNESSES: Credibility—Contradictory Statements.** The fact that a
1 witness has made contradictory statements relative to the subject-matter of his testimony affords no ground for excluding his testimony.

**NEW TRIAL: Misconduct of Jury—Adjusting Appliances in Jury**
2 **Room.** The fact that the jury adjusted and fitted together in the jury room certain evidential mechanical contrivances in accordance with the demonstration made by the witnesses affords no basis for error.

**NEW TRIAL: Misconduct of Jury—Smelling and Tasting Liquors.**
3 The fact that jurors *tasted* and *smelled* of the liquors contained in jugs properly before them reveals no reversible error.

**INTOXICATING LIQUORS: Nuisance—Submission of Offense Not**
4 **Charged.** An indictment charging the "erecting and using of a building for the purpose then and there of *manufacturing and selling* intoxicating liquors" will not justify the submission of the offense of maintaining a nuisance "by keeping intoxicating liquors therein with the intent to sell," when the testimony reveals the presence of such liquors on the premises, but does not reveal whether it was manufactured or sold there. Especially is this true when other instructions authorize a conviction based solely on the *possession* of such liquors.

**CRIMINAL LAW: Verdict—Improper Form of Submission.** It is error
5 to submit to the jury forms of verdict which even inferentially direct the jury to convict both defendants on trial or to acquit both.

*Appeal from Madison District Court.*—W. G. VANDER PLOEG, Judge.

NOVEMBER 19, 1924.

DEFENDANTS were found guilty, upon a trial to a jury, of the crime of maintaining a liquor nuisance. From a judgment upon the verdict they appeal.—*Reversed and remanded.*

*A. G. Rippey* and *A. W. and Phil R. Wilkinson,* for appellants.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assistant Attorney-general, and *Leo C. Percival,* County Attorney, for appellee.

VERMILION, J.—The defendants were jointly indicted, charged with the maintenance of a liquor nuisance. They are brothers, and lived upon and jointly operated a farm in Madison County.

The evidence on behalf of the State tended to show that, on August 19, 1923, upon a search of the premises so occupied by the appellants, various appliances, described as gasoline burners, a pressure tank and pump designed for use in connection with the burners, a boiler, and coil, were found detached, in different places on the premises, and some of them more or less concealed. Thirty-five or forty jugs were found, some of them concealed, and two of them containing a liquor. The quantity of the liquor in the jugs, or whether they were full, is not shown. The contents of one of them, found in the cellar, contained 10.38 per cent of alcohol, and that in the other, found in an outbuilding, contained 46.16 per cent of alcohol. Several barrels of so-called mash and many empty barrels were found. The mash contained alcohol, ranging from about four and a half to upwards of eleven per cent. It was the claim of the State that intoxicating liquor was manufactured on the premises. There was testimony that some of the appliances found could be used for that purpose. The defendants denied any ownership or knowledge of some of the appliances, and claimed that the others were used in preparing feed for hogs, and that the so-called mash was such prepared feed.

One witness testified that he bought five gallons of whisky from the defendant John Elmers in the house, in the presence of Charley, the other defendant; that it was in a jug about the size of one of the jugs found to contain a percentage of alcohol; that John went outdoors and got the jug, and he paid $5.00 for it; that he laid the money on the table, and John got it.

1. WITNESSES: credibility: contradictory statements.

Error is assigned on the refusal of the court to strike the testimony of this witness. He testified that, when first called before the grand jury, he had denied buying liquor of the defendants, and that later, on being threatened with a prosecution for perjury, he had testified to the transaction as above set out. He insisted on the trial that his testimony was true; and there was no claim that his testimony at that time was not freely given. This circumstance may have affected his credibility as a witness, but it afforded no ground for excluding his testimony.

The court permitted the various appliances introduced in evidence to go to the jury room. It appears that the members of the jury there connected the pressure tank and burners together. One of the defendants, as a witness, had demonstrated before the jury the manner in which these could be connected and the manner of their use in heating water for slop. There was no prejudicial error in this. *State v. Teale*, 154 Iowa 677; *Thielepape v. State*, 89 Tex. Cr. 493 (231 S. W. 769).

2. NEW TRIAL: misconduct of jury: adjusting appliances in jury room.

The two jugs that it was claimed were found on the premises, with their contents, were introduced in evidence, and were taken to the jury room. It appears that one of the jurors smelled of the contents, and another tasted them. There is no claim that any of the jurors drank the liquor, or did more than smell and taste it. This was not prejudicial. 16 Corpus Juris 1085; *State v. McCafferty*, 63 Me. 223; *Thompson v. State*, 72 Tex. Cr. 659 (160 S. W. 685); *People v. Kinney*, 124 Mich. 486 (83 N. W. 147); *Schulenberg v. State*, 79 Neb. 65 (112 N. W. 304); *State v. Baker*, 67 Wash. 595 (122 Pac. 335); *Reed v. Territory*, 1 Okla. Cr. 481 (98 Pac. 583); *State v. Ling*, 198 Iowa 598.

3. NEW TRIAL: misconduct of jury: smelling and tasting liquors.

The indictment charged that the defendants "did willfully

and unlawfully erect, establish, and use a building and place
for the purpose then and there of manufacturing and selling
intoxicating liquors.'' The court instructed the
jury, in substance, that, if they found from the
evidence beyond a reasonable doubt that the de-
fendants were maintaining a place for the manu-
facture of intoxicating liquor for the purpose of sale, or for the
purpose of keeping liquor therein for sale, or with intent to
sell, they should convict. The indictment did not charge the
maintenance of the alleged nuisance by keeping intoxicating
liquor with intent to sell, but by the using of a building or place
for the purpose of manufacturing and selling intoxicating
liquors. The instruction was clearly erroneous in permitting a
conviction on proof of an act, the keeping of intoxicating liquor
for the purpose of sale, not charged in the indictment. If the
evidence tended to show nothing more than the manufacture or
sale of intoxicating liquor, we would hesitate to say that the
error was prejudicial, for the reason that the instructions re-
quired the jury to find that the manufacture was for the purpose
of sale, and liquor could not be manufactured for sale or sold on
the premises without being kept there for a time. However, as
we have seen, the testimony tended to show the presence of in-
toxicating liquor on the premises, and there was no showing that
such particular liquor was either manufactured there or sold.
The jury may have accepted the defendants' claim that no liquor
was manufactured, and their denial of the sale testified to,
and have based their verdict alone on the presence of intoxicat-
ing liquor on the premises. In this state of the record, the in-
struction was prejudicial.

4. INTOXICATING
LIQUORS: nui-
sance: submis-
sion of offense
not charged.

The error was repeated in another instruction, and its preju-
dicial effect emphasized in still another, where, after the sub-
stance of the statute (Section 2427, Code of 1897) was set out,
relating to the presumption arising from the finding of intoxi-
cating liquors in unusual quantities in a private dwelling house
or its dependencies, that it was kept for illegal sale, the jury was
told that, if they found beyond a reasonable doubt that the de-
fendants had intoxicating liquor in their possession, it would be
presumptive evidence that the same was kept illegally. This in-

struction was further erroneous in that the liquor found on the premises was found in the dwelling house or its dependencies; and in the application of the statute to the case in hand, the court omitted any reference to the requirement that the presumption that it was kept for sale would arise only from the possession of liquor in unusual quantities in a private dwelling or its dependencies. As we have said, if the jury believed that the mash was, in fact, mere hog feed, and did not find that it was to be used in the manufacture of intoxicating liquor, and did not find that liquor was sold on the premises, the conviction must rest on the possession of liquor by the defendants in the dwelling house or its dependencies. In such case, not only would no presumption arise that it was kept for sale, unless it was in unusual quantities, but the act itself was not charged as constituting the nuisance.

The court attached to the instructions but two forms of verdict, and told the jury that they might use the form which accorded with their finding. One form submitted was a finding that both defendants were guilty; and the other, that both were not guilty. While there was no positive direction that both defendants must be convicted or both acquitted, that was the plain inference. The jury should have been instructed that one or both of the defendants might be convicted, as the evidence warranted. Section 5384, Code of 1897; State v. Miller, 175 Iowa 210.

5. CRIMINAL LAW: verdict: improper form of submission.

It is insisted that there was not sufficient evidence to sustain the conviction of the defendant Charles Elmers, and that the court should have directed his acquittal. Without discussing the evidence in detail, we are of the opinion that there was no error in this respect.

Other errors assigned have either been covered by what has been said, or are without merit.

For the reasons stated, the judgment is reversed, and the case is remanded.—Reversed and remanded.

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.