### D. M. BLALACK v. THE STATE.

No. 2918. Decided January 7, 1914.

**1.—Incest—Variance—Insufficiency of the Evidence.**

Where the indictment charged that defendant and Sara Walser were the children of the same parents and that Sara Walser was the mother of the prosecutrix with whom defendant is alleged to have had incestuous intercourse, the State was required to prove said allegation, and testimony that prosecutrix was a niece of defendant did not prove she was the daughter of Sara Walser, and the conviction could not be sustained.

**2.—Same—Accomplice—Charge of Court.**

Where, upon trial of incest, the court's charge on accomplice testimony was defective, there was reversible error.

Appeal from the District Court of Montague. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of incest; penalty, two and one-half years imprisonment in the penitentiary.

The opinion states the case.

*J. S. Jameson* and *W. W. Alcorn,* for appellant.—On question of variance: White v. State, 13 Texas, 134; Banks v. State, 28 id., 644; Persons v. State, 3 Texas Crim. App., 240; Cox v. State, 5 id., 493; Randle v. State, 12 id., 250; Branch Crim. Law., p. 189.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of incest, his punishment being assessed at two and one-half years confinement in the penitentiary.

The indictment alleges that appellant did "unlawfully carnally know, and incestuously have carnal knowledge of Rusha Walser, then and there being the daughter of the sister of him, the said D. M. Blalack, towit: the daughter of Sarah Walser, being then and there the sister of him, the said D. M. Blalack, in this, that D. M. Blalack and Sarah Walser were the children of the same father and mother."

Among other things, appellant requested the following instruction: "You are instructed to return a verdict of not guilty, if you find from the evidence that the State has failed to prove that one Sarah Walser, was the sister of the defendant and mother of said Rusha Walser, and that the State has failed to prove that said Sarah Walser and defendant, D. M. Blalack, were the children of the same parents." In refusing to give this charge the court makes this explanation: "The prosecutrix and her brother both testified she was the niece of defendant, and while it was not specifically proved that prosecutrix was the daughter of Sarah, yet there was no question raised as to this issue only in the above special charge presented after the evidence closed. C. F. Spencer, etc." In order to obtain a conviction under this indictment it was necessary to prove the relations of the parties as set out in the indictment. It is unnecessary to discuss the question whether the descriptive averments were unnecessary or not. It was charged in the indictment that appellant and Sarah Walser were the children of the same parents, and that Sarah Walser was the mother of the prosecutrix with whom appellant is alleged to have had incestuous intercourse. The State was necessarily compelled to meet the allegations in the indictment. It was incumbent upon the State to prove that the mother of prosecutrix was named Sarah Walser; and that Sarah Walser was the sister of the defendant, and, that they were brother and sister of the same father and

mother. This was not done. That prosecutrix was a niece of appellant does not prove she was the daughter of Sarah Walser. The court should have given the charge as requested. Not only so, but we are of opinion under the judge's explanation, not only ought he to have given the charge, but if the State does not meet these allegations by evidence the conviction could not be sustained under this indictment.

There is another trouble in the case not specifically pointed out, but we call attention to it in view of another trial. The court charging the jury uses this language: "You are instructed that you can not find the defendant guilty upon the testimony of said Rusha Walser, unless you first believe her testimony is true, and that it shows or tends to show ·that the defendant is guilty as charged in the indictment, and unless you further believe," etc. This charge has been condemned in quite a number of cases. The evidence of the prosecutrix should not only be found to be true by the jury, but that it shows the guilt of the .defendant. It is not sufficient if it merely tends to do so as the charge asserts.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*